IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHERALE WILLIS, SANDY COLBERT, and TIFFANEY PEACOCK, On Behalf of Themselves and All Others Similarly Situated, | ) ) ) ) ) |
| *Plaintiffs*, | ) COLLECTIVE ACTION ) ) CASE NO. |
| v. | ) ) |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO and GEICO GENERAL INSURANCE COMPANY d/b/a GEICO, | ) ) JURY DEMAND ) ) ) |
| *Defendants*. | ) ) |

## COLLECTIVE ACTION COMPLAINT

1.      This case is related to *Benvenutti v. Government Employees Insurance Company d/b/a GEICO et al.*, No. 5:22-cv-00182 (M.D. Ga.) (hereinafter the "*Benvenutti* action"), a Fair Labor Standards Act (FLSA) collective action currently pending in the United States District Court for the Middle District of Georgia.[1] Plaintiffs Cherale Willis, Sandy Colbert, and Tiffaney Peacock (collectively "Plaintiffs") claim they are similarly situated to the plaintiffs in the *Benvenutti* action. However, Ms. Willis, Ms. Colbert, and Ms. Peacock were not included on the *Benvenutti* notice lists (the "*Benvenutti* Notice Lists"*)*. Therefore, Plaintiffs bring this action against Defendants Government Employees Insurance Company d/b/a GEICO and GEICO General Insurance

---

[1]      In *Benvenutti,* the Court conditionally certified the case as a collective action and ordered notice be sent to the following individuals: "All current and former Service Representatives who worked for GEICO and were managed out of the GEICO Macon, Georgia call center at any time since March 1, 2020." (Doc. No. 39).

Company d/b/a GEICO, on behalf of themselves and all other similarly situated employees who were not included on the *Benvenutti* Notice Lists.

2.     Plaintiffs bring this action against Defendants Government Employees Insurance Company d/b/a GEICO and GEICO General Insurance Company d/b/a GEICO (hereinafter collectively "GEICO" or "Defendants") to recover unpaid overtime wages, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiffs assert these claims as a collective action on behalf of themselves and all similarly situated individuals, as defined herein, pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

3.     GEICO owns and operates an insurance company that provides services to clients who reside in various states across the United States, including in the state of Georgia. Plaintiffs and those similarly situated are hourly-paid GEICO employees who have handled communications with GEICO customers and/or communications related to GEICO customers and were assigned to work for and/or were managed out of GEICO's Macon, Georgia call center within the last three (3) years, but who were not included on the *Benvenutti* Notice Lists.

4.     GEICO, however, failed to satisfy their wage obligations to Plaintiffs and similarly situated workers by failing to pay these employees for all hours actually worked. As a result of these practices, GEICO failed to pay Plaintiffs and similarly situated employees the required overtime wage, pursuant to 29 U.S.C. § 207. Plaintiffs and similarly situated employees are therefore entitled to recover the proper overtime wages under the FLSA for all hours worked over forty (40) in a workweek, liquidated damages, and all attorney's fees and costs. 29 U.S.C. § 216(b). Plaintiff asserts these FLSA claims as a collective action, on behalf of herself and all other similarly situated pursuant to 29 U.S.C. § 216(b).

## I. JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiffs' claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and raise a federal question pursuant to 28 U.S.C. § 1331.

6. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants reside in this judicial district and conduct business in this district.

## II. PARTIES

7. Plaintiff Cherale Willis joined the *Benvenutti* action on August 16, 2023. (*See* Doc No. 94). Her claims should be tolled as of this date.

8. Plaintiff Willis is over the age of nineteen (19) and is a resident of Montezuma, Macon County, Georgia.

9. Plaintiff Willis was employed by GEICO as a Salvage Specialist I from approximately October 2016 to approximately October 2017 and as a Salvage Specialist II from approximately October 2017 to approximately May 2022.

10. Throughout her tenure at GEICO, Plaintiff Willis worked for and was managed out of GEICO's call center located in Macon, Georgia and was paid by the hour.

11. In these positions and during the relevant time period, Plaintiff Willis handled calls with GEICO customers and communications related to GEICO customers.

12. Plaintiff Sandy Colbert joined the *Benvenutti* action on July 24, 2023. (*See* Doc No. 78). Her claims should be tolled as of this date.

13. Plaintiff Colbert is over the age of nineteen (19) and is a resident of Macon, Jones County, Georgia.

14. Plaintiff Colbert has been employed by GEICO under numerous job titles from approximately November 2011 to approximately December 2021, including Sales Agent (from

approximately November 2011 to May 2012), Customer Service Agent (from approximately May 2012 to August 2013), Performance Monitoring Analyst (from approximately August 2013 to March 2021), and Retention Service Representative (from approximately March 2021 to December 2021).

15. Throughout her tenure at GEICO, Plaintiff Colbert worked for and was managed out of GEICO's call center located in Macon, Georgia and was paid by the hour.

16. In these positions and during the relevant time period, Plaintiff Colbert handled calls with GEICO customers.

17. Plaintiff Tiffaney Peacock joined the *Benvenutti* action on August 10, 2023. (*See* Doc No. 90). Her claims should be tolled as of this date.

18. Plaintiff Peacock is over the age of nineteen (19) and is a resident of Macon, Macon County, Georgia.

19. Plaintiff Peacock was employed by GEICO as an ERS Representative (*i.e.*, Emergency Roadside Service Representative) from approximately August 2017 to approximately December 2020 and as an Internet Service Representative within the GEICO Mobile department from approximately December 2020 to approximately June 2023.

20. Throughout her tenure at GEICO, Plaintiff Peacock worked for and was managed out of GEICO's call center located in Macon, Georgia and was paid by the hour.

21. Specifically, and during the time period relevant to this case, Plaintiff Peacock handled GEICO Mobile communications and calls with GEICO customers.

22. Defendant Government Employees Insurance Company d/b/a GEICO is a Maryland corporation with a principal place of business at 5260 Western Avenue, Chevy Chase, Maryland 20815.

23. Defendant Government Employees Insurance Company d/b/a GEICO indicates its registered agent as C T Corporation System located at 289 S Culver St, Lawrenceville, Georgia 30046-4805.

24. At all relevant times, Defendant Government Employees Insurance Company d/b/a GEICO has been an "employer" within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07.

25. Defendant GEICO General Insurance Company d/b/a GEICO is a Maryland corporation with a principal place of business at 5260 Western Avenue, Chevy Chase, Maryland 20815.

26. Defendant GEICO General Insurance Company d/b/a GEICO indicates its registered agent as C T Corporation System located at 289 S Culver St, Lawrenceville, Georgia 30046-4805.

27. At all relevant times, GEICO General Insurance Company d/b/a GEICO has been an "employer" within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07.

28. Defendants regularly conduct business in the state of Georgia, including in this judicial district.

### III. FACTS

29. Plaintiffs and those similarly situated are hourly-paid GEICO employees who have handled communications with GEICO customers and/or communications related to GEICO customers and were assigned to work for and/or were managed out of GEICO's Macon, Georgia call center (hereinafter the "Macon Call Center") within the last three (3) years, but who were not included on the *Benvenutti* Notice Lists. Hereafter, this complaint refers to these employees collectively as "Plaintiffs and similarly situated employees."

30. Examples of job titles held by Plaintiffs and similarly situated employees include, but are not limited to, the following: Salvage Specialist I, Salvage Specialist II, Salvage Representative I, Salvage Representative II, Salvage Title Specialist, Salvage Title Processor, Retention Service Representative, Retention Representative, ERS Dispatcher (*i.e.*, Emergency Roadside Service Dispatcher), ERS Representative (*i.e.*, Emergency Roadside Service Representative), Internet Service Representative, Glass Representative, ERS/Glass Representative, among others.[2]

31. Plaintiffs and similarly situated employees handle communications with GEICO customers (*i.e.*, GEICO policy holders) and/or communications related to GEICO customers, to provide them with assistance regarding, by way of example (but not limitation): existing policies, policy services and/or offerings (such as roadside assistance), changes to policies, claims, etc.

32. Communications include in-bound telephone calls, out-bound telephone calls, and/or electronic communications submitted through GEICO's website (*i.e.*, www.geico.com) and/or the GEICO Mobile application.

33. In addition to Plaintiffs, GEICO employs hundreds (and perhaps thousands) of other hourly paid call center workers work for and/or were managed out of the Macon Call Center.

34. GEICO classifies Plaintiffs and similarly situated employees as non-exempt employees for purposes of the FLSA.

35. Plaintiffs and similarly situated employees are employees who are covered by the overtime provisions of the FLSA.

36. GEICO paid Plaintiffs and similarly situated employees by the hour.

---

[2] Plaintiffs are not in the position to know all possible job titles for GEICO's hourly paid Macon Call Center workers. Thus, this list includes examples of some of the known job titles and is not exhaustive.

37. Plaintiffs and similarly situated employees typically worked four (4) or five (5) shifts per week.

38. Plaintiffs and similarly situated employees use several programs to perform their jobs, regardless of job title.

39. Plaintiffs and similarly situated employees use a Cisco software application called "Finesse" to handle communications.

40. Finesse tracks the amount of time Plaintiffs and similarly situated employees spend logged into it.

41. GEICO pays Plaintiffs and similarly situated employees based on the number of hours they are logged onto Finesse.

42. Plaintiffs and similarly situated employees spend time performing work activities that are not recorded by Finesse.

43. For example, Plaintiffs and similarly situated employees must spend several minutes each shift completing a multi-step process on their computers before their scheduled shift start time and before being able to log onto Finesse, which includes, but is not limited to: powering up their computer; connecting to GEICO's virtual private network ("VPN"); loading the various programs, software, applications, and/or websites needed for handling customer communications; and reading and responding to emails from management.

44. Time spent performing these tasks is not recorded by Finesse because they occur prior to logging into Finesse.

45. Plaintiffs and similarly situated employees must perform these tasks in order to perform their job, which is to handle communications in which they provide assistance to GEICO customers and/or assist on matters related to GEICO customers.

7

46. Likewise, Plaintiffs and similarly situated employees must spend several minutes each shift completing a multi-step process on their computers after they have logged out of Finesse at or around their scheduled shift end time, which includes, but is not limited to: closing out of programs, software, applications, etc.; reading and responding to emails; updating notes and/or documents; and entering time into Workday.

47. Time spent performing these tasks is not recorded by Finesse because they occur after logging out of Finesse.

48. Plaintiffs and similarly situated employees must perform these tasks in order to perform their job, which is to handle communications in which they provide assistance to GEICO customers and/or assist on matters related to GEICO customers.

49. Further, when Plaintiffs and similarly situated employees are unable to read and/or respond to emails prior to the start of their scheduled shift, they must sometimes respond to emails after logging out of Finesse for their unpaid lunch break or after logging out of Finesse at or around the end of their scheduled shift.

50. Time spent performing these tasks is not recorded by Finesse because they occur after logging out of Finesse.

51. Plaintiffs and similarly situated employees must perform these tasks in order to perform their job, which is to handle communications in which they provide assistance to GEICO customers and/or assist on matters related to GEICO customers.

52. Additionally, Plaintiffs and similarly situated employees frequently experience "downtime" when they are not logged into Finesse because there is a technical issue logging into Finesse or a technical issue while logged onto Finesse that requires them to log out of the application.

53. When Plaintiffs and similarly situated employees experience downtime, they are expected to remain by their computers and/or on the phone to seek assistance from a supervisor, manager, and/or GEICO's IT department, so that they can access Finesse in order to be able to perform their jobs.

54. When downtime occurred, GEICO required Plaintiffs and similarly situated employees to make up the time, for example, by working past the end of their scheduled shift time (*i.e.*, effectively off-the-clock) or having the downtime deducted from their accrued paid leave or vacation time.

55. Time spent performing these tasks is not recorded by Finesse because they occur after logging out of Finesse.

56. Plaintiffs and similarly situated employees must perform these tasks in order to perform their job, which is to handle communications in which they provide assistance to GEICO customers and/or assist on matters related to GEICO customers.

57. GEICO does not pay Plaintiffs and similarly situated employees for time spent on work activities performed when they are not logged into Finesse.

58. In other words, GEICO does not pay for work time that is not recorded by Finesse.

59. Including work time not captured by Finesse, Plaintiffs and similarly situated employees have worked over forty (40) hours in a workweek.

60. However, because GEICO does not pay for work time that is not recorded by Finesse, GEICO does not pay Plaintiffs and similarly situated employees for all hours worked, including overtime hours (*i.e.*, hours over forty (40) in a workweek).

61. GEICO has been sued for failing to pay employees for all time worked numerous times. *See generally Hart et al. v. Government Employees Insurance Company d/b/a GEICO*, Case

9

No. 4:21-cv-000859 (M.D. Pa. May 12, 2021) (Doc. No. 1); *Erford et al. v. Government Employees Insurance Company d/b/a GEICO*, Case No. 5:21-cv-00314 (E.D.N.C. Aug. 2, 2021) (Doc. No. 1); *Zambito et al. v. Government Employees Insurance Company d/b/a GEICO*, Case No. 8:21-cv-2223 (M.D. Fla. Sept. 20, 2021) (Doc. No. 1); *Russo et al. v. Government Employees Insurance Company d/b/a GEICO*, Case No. 2:21-cv-17234 (D.N.J. Sept. 20, 2021) (Doc. No. 1); *Pugliese et al. v. Government Employees Insurance Company d/b/a GEICO*, Case No. 1:21-cv-11629 (D. Mass. Oct. 6, 2021) (Doc. No. 1); *Schwarzmann et al. v. Government Employees Insurance Company d/b/a GEICO*, Case No. 1:21-cv-02270 (N.D. Ohio Dec. 12, 2021) (Doc. No. 1).

62. GEICO knows or has acted in reckless disregard of its obligation to pay Plaintiffs and similarly situated employees for all time spent working.

## IV. COLLECTIVE ACTION ALLEGATIONS

63. Plaintiffs assert their FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of themselves and all similarly situated individuals who fall into the following definition and join this action by filing a consent form:

> All current and former hourly-paid GEICO employees who have handled communications with GEICO customers and/or communications related to GEICO customers and were assigned to work for and/or were managed out of GEICO's Macon, Georgia call center at any time since October 26, 2020, but who were not included on the *Benvenutti* Notice Lists.

(the "Putative FLSA Opt-In Plaintiffs").

64. Plaintiffs' FLSA claims should proceed as a collective action because Plaintiffs and the Putative FLSA Opt-In Plaintiffs worked pursuant to the common pay policies and/or practices described herein. Accordingly, Plaintiffs and the Putative FLSA Opt-In Plaintiffs are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and associated decisional law.

## V.  CAUSES OF ACTION

### COUNT I

### Violations of the FLSA's Overtime Wage Requirements

65. All previous paragraphs are incorporated as though fully set forth herein.

66. Plaintiffs assert this claim on behalf of themselves and all Putative FLSA Opt-In Plaintiffs who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

67. At all times material to the allegations herein, Plaintiffs and the Putative FLSA Opt-In Plaintiffs were employees of GEICO and entitled to the FLSA's protections.

68. Defendants are each employers covered by the FLSA.

69. The FLSA requires employees to be paid for all time worked, including overtime hours worked.

70. The FLSA entitles employees to an overtime rate "not less than one and one-half times" their regular rate of pay for hours worked over forty (40) hours in a workweek. *See* 29 U.S.C. § 207.

71. GEICO paid Plaintiffs and the Putative FLSA Opt-In Plaintiffs for fewer overtime hours than they actually worked, including hours worked over forty (40) in a workweek, in violation of the FLSA.

72. GEICO's violations of the FLSA were willful because GEICO knew or should have known that its pay policies and / or practices violate clearly applicable FLSA provisions.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief on behalf of themselves and all others similarly situated:

A. Court-authorized notice of this lawsuit, pursuant to 29 U.S.C. § 216(b), to all

Putative FLSA Opt-In Plaintiffs;

  B. A finding that the Defendants violated the FLSA;

  C. A finding that Defendants' FLSA violations are willful;

  D. A judgment against Defendants and in favor of Plaintiffs and all Putative FLSA Opt-In Plaintiffs who join this action pursuant to 29 U.S.C. § 216(b) for compensation for all unpaid and underpaid wages that Defendants have failed and refused to pay in violation of the FLSA;

  E. Prejudgment interest to the fullest extent permitted under the law;

  F. Liquidated damages to the fullest extent permitted under the FLSA;

  G. Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted under the FLSA and the Federal Rules of Civil Procedure; and

  H. Such other and further relief as this Court deems just and proper in equity under the law.

## VII. JURY DEMAND

Plaintiffs demand a jury as to all claims so triable.

Date: October 26, 2023     Respectfully submitted,

             /s/ *Nicholas Stanojevich*

             **NICHOLAS STANOJEVICH (No. 173544)**
             QUINN, CONNOR, WEAVER, DAVIES & ROUCO, LLP
             4100 Perimeter Park South
             Atlanta, GA 30341
             Telephone: (404) 299-1211
             nstanojevich@qcwdr.com

             **RICHARD ROUCO (ASB 6182R76R)\***
             QUINN, CONNOR, WEAVER, DAVIES & ROUCO, LLP
             2 - 20th Street North, Suite 930
             Birmingham, AL 35203
             Telephone: (205) 870-9989

rrouco@qcwdr.com


**DAVID W. GARRISON (TN Bar No. 24968)***
**JOSHUA A. FRANK (TN Bar No. 33294)***
**NICOLE A. CHANIN (TN Bar No. 40239)***
BARRETT JOHNSTON MARTIN & GARRISON, PLLC
200 31st Avenue North
Nashville, TN 37203
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com
nchanin@barrettjohnston.com


* *Pro Hac Vice* Motion Anticipated

*Attorneys for Plaintiffs*