**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **CHERALE WILLIS, SANDY COLBERT, TIFFANEY PEACOCK and CARAL TAYLOR, On Behalf of Themselves and All Others Similarly Situated,** | ) | |
| ***Plaintiffs,*** | ) | **COLLECTIVE ACTION** |
| **v.** | ) | **CASE NO. 5:23-cv-00430-MTT** |
| | ) | **CHIEF JUDGE TREADWELL** |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY D/B/A GEICO AND GEICO GENERAL INSURANCE COMPANY D/B/A GEICO,** | ) | **JURY DEMAND** |
| ***Defendants*.** | ) | |

**JOINT STATUS REPORT ON THE PARTIES' POSITIONS REGARDING WHETHER THERE SHOULD BE A SINGLE COLLECTIVE ACTION DEFINITION**

On May 30, 2024, this Court ordered *Benvenutti v. Government Employees Ins. Co. d/b/a GEICO et al.*, No. 5:22-cv-00182-MTT (M.D. Ga.) to be consolidated with this case. (Doc. No. 63). The Court further ordered the Parties to confer and jointly submit their positions regarding whether there should be a single collective action definition. *Id.* The Parties' conferred on this matter via videoconference on June 12, 2024, and state their positions as follows:

**Plaintiffs' Position:**

Plaintiffs propose that a single collective action definition should apply to this case. Plaintiffs propose the following collective action definition be adopted by the Court: All current and former hourly-paid GEICO employees who have handled communications with GEICO customers and/or communications related to GEICO customers and were assigned to work for and/or were managed out of GEICO's Macon, Georgia call center at any time since March 1, 2020, regardless of job title. This definition includes the collective definitions in both the *Benvenutti* and

*Willis* actions.

**Defendant's Position:**

Defendant maintains its position, as set forth in GEICO's Response In Opposition To Plaintiffs' Motion For Conditional Certification in *Willis* (ECF No. 59), which is pending before the Court, that the GEICO associates who may be included in Plaintiffs' above-definition are not similarly situated relative to the claims Plaintiffs assert, and these matters are not suitable for collective action treatment under 29 U.S.C. § 216(b). Further, Plaintiffs' proposed definition, as stated above, is too vague to allow GEICO to identify which non-exempt employees Plaintiffs seek to represent. To the extent Plaintiffs seek to amend the operative complaint, Defendant would not object to Plaintiffs' request to amend the complaint for purposes of including the following alternative definition: All current and former hourly-paid GEICO employees who have handled communications with GEICO customers and/or communications related to GEICO customers through the Finesse and/or Salesforce platforms and were managed out of GEICO's Macon, Georgia call center at any time since March 1, 2020. GEICO, however, does not agree that GEICO associates who may fall within such definition are similarly situated and does not agree that the Court should authorize notice to any such persons.

Date: June 13, 2024

Respectfully submitted,

/s/ David W. Garrison

**DAVID W. GARRISON (TN Bar No. 24968)***
**JOSHUA A. FRANK (TN Bar No. 33294)***
**NICOLE A. CHANIN (TN Bar No. 40239)***
BARRETT JOHNSTON MARTIN & GARRISON, PLLC
200 31st Avenue North
Nashville, TN 37203
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com
nchanin@barrettjohnston.com

**RICHARD ROUCO**
QUINN, CONNOR, WEAVER, DAVIES & ROUCO, LLP
2 - 20th Street North, Suite 930
Birmingham, AL 35203
Telephone: (205) 870-9989
rrouco@qcwdr.com

**NICHOLAS STANOJEVICH (No. 173544)**
QUINN, CONNOR, WEAVER, DAVIES & ROUCO, LLP
4100 Perimeter Park South
Atlanta, GA 30341
Telephone: (404) 299-1211
nstanojevich@qcwdr.com

* Admitted *Pro Hac Vice*

*Attorneys for Plaintiff*

/s/ Jennifer A. Riley (with permission)
**Gerald L. Maatman, Jr.**
**Jennifer A. Riley**
**Brandon Spurlock**
DUANE MORRIS LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603
T: 312-499-6710
F: 312-499-6701
GMaatman@duanemorris.com
JARiley@duanemorris.com
BLSpurlock@duanemorris.com

**Nicolette J. Zulli**
**Adam C. Keating**
DUANE MORRIS LLP
1075 Peachtree St. NE, Suite 1700
Atlanta, GA 30309
T: 404-253-6903
F: 404-253-6901
NJZulli@duanemorris.com
akeating@duanemorris.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of this *Joint Status Report on The Parties' Positions Regarding Whether There Should Be a Single Collective Action Definition* was filed electronically with the Clerk's office by using the CM/ECF system on June 13, 2024, and served upon Defendants via the CM/ECF filing system as indicated below:

**Gerald L. Maatman, Jr.**
**Jennifer A. Riley**
**Brandon Spurlock**
DUANE MORRIS LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603
T: 312-499-6710
F: 312-499-6701
GMaatman@duanemorris.com
JARiley@duanemorris.com
BLSpurlock@duanemorris.com

**Nicolette J. Zulli**
**Adam C. Keating**
DUANE MORRIS LLP
1075 Peachtree St. NE, Suite 1700
Atlanta, GA 30309
T: 404-253-6903
F: 404-253-6901
NJZulli@duanemorris.com
akeating@duanemorris.com

*Attorneys for Defendants*

/s/ David W. Garrison
DAVID W. GARRISON
**BARRETT JOHNSTON**
**MARTIN & GARRISON, PLLC**