# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **CHERALE WILLIS, SANDY COLBERT, TIFFANEY PEACOCK, CARAL TAYLOR, and AMALIA BENVENUTTI,** *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No. 5:23-CV-00430 |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,** *et al.* | |
| *Defendants*. | |

| | |
|---|---|
| **CHRIS RICE,** *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No. 5:23-CV-00414 |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,** | |
| *Defendant*. | |

## SETTLEMENT AGREEMENT, RELEASE, AND WAIVER

This Settlement Agreement, Release, and Waiver ("***Settlement***," "***Agreement***," or "***Settlement Agreement***") is made by Plaintiffs Cherale Willis, Sandy Colbert, Tiffaney Peacock, Caral Taylor, Amalia Benvenutti, and Christopher Rice (the "***Named Plaintiffs***"), individually and on behalf of all other individuals who consented to participate in the lawsuits referenced herein, and who were not subsequently dismissed from this action by Court Order, pursuant to 29 U.S.C. § 216(b), and Defendants Government Employee Insurance Company and GEICO General

Insurance Company (collectively, "**GEICO**" or "**Defendants**") (collectively referred to herein as the "**Parties**").  The Parties agree, subject to the Court's approval, to resolve on a collective-wide and individual basis, as applicable, the matters captioned *Willis, et al. v. Government Employee Insurance Company, et al.*, No. 23-CV-00430 (M.D. Ga.), *Benvenutti, et al. v. GEICO General Ins. Co., et al.*, No. 22-CV-00182 (M.D. Ga.), and *Rice, et al. v. Government Employee Insurance Company*, No. 23-CV-00414 (M.D. Ga.), including the claims of all Named Plaintiffs and Opt-In Plaintiffs asserted in those matters, as set forth herein (the "**Lawsuits**").

A.    <u>**RECITALS**</u>

These Recitals are an integral part of this Settlement Agreement and are incorporated as express terms of this Agreement:

a.    On May 11, 2022, Plaintiff Amalia Benvenutti filed a Complaint in the U.S. District Court for the Middle District of Georgia against Defendant GEICO General Insurance Company asserting claims to recover unpaid overtime wages, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "**FLSA**") on behalf of the members of a potential collective action.  That matter was captioned *Benvenutti, et al. v. GEICO General Ins. Co., et al.*, No. 22-CV-00182 (M.D. Ga.).  On January 12, 2023, Plaintiff Benvenutti filed a motion for leave to amend her complaint, which included seeking to add Defendant Government Employees Insurance Company d/b/a GEICO.  That same date, Plaintiff Benvenutti moved for conditional certification and for the issuance of Court-supervised notice.

b.    On March 28, 2023, the Court granted Plaintiff Benvenutti's motion for leave to amend her complaint, which allowed her to add Government Employees Insurance Company d/b/a GEICO as a Defendant.  On April 26, 2023, the Court granted Plaintiff Benvenutti's motion for conditional certification, ordered that Defendants produce the names and contact information of

current and former Service Representative employees who had worked for Defendants since March 1, 2020, and sent court-facilitated notice of that Lawsuit to those current and former employees. Notice was sent to more than 2,600 current and former employees. Ultimately, just under 500 of those individuals filed written notices of consent to join in that Lawsuit.

c.      Several employees of Defendants who were not included on the *Benvenutti* notice lists produced by Defendants, including, for example, Cherale Willis, Sandy Colbert, and Tiffaney Peacock, filed Consent to Join forms asserting FLSA claims in the *Benvenutti* action. Those individuals asserted that they worked in GEICO's centralized service department and should be considered Service Representatives whereas Defendants maintained that these employees were not included on the notice list because they did not work as Service Representatives.

d.      On October 26, 2023, Plaintiffs Cherale Willis, Sandy Colbert, and Tiffaney Peacock filed a separate FLSA collective action against Defendants, on behalf of themselves and other allegedly similarly situated individuals for the time they worked in positions other than the select Service Representative positions included by Defendants on the *Benvenutti* notice lists, asserting claims to recover unpaid overtime wages, liquidated damages, attorneys' fees, and costs. That matter was captioned *Willis, et al. v. Government Employee Insurance Company, et al.*, No. 23-CV-00430 (M.D. Ga.). On December 13, 2023, the *Willis* Plaintiffs filed an amended complaint adding Caral Taylor as a Named Plaintiff, in addition to other amendments.

e.      On May 30, 2024, the Court entered an order to consolidate the *Benvenutti* action with the *Willis* action, on the grounds that the cases were duplicative. (*Willis* ECF No. 63.) On July 3, 2024, Plaintiffs filed a consolidated complaint per the Court's consolidation order. (*Willis* ECF No. 70.)

f.      On July 12, 2024, Plaintiffs, filed a renewed motion for conditional certification in *Willis*. (*Willis* ECF No. 74). The Court granted the Motion on September 26, 2024, and authorized Plaintiffs to send court-facilitated notice of that Lawsuit to "[a]ll current and former hourly-paid GEICO employees who have handled communications with GEICO customers and/or communications related to GEICO customers and were assigned to work for and/or were managed out of GEICO's Macon, Georgia call center at any time since March 1, 2020, regardless of job title." (*Willis* ECF No. 79.)

g.      As a result of the Court's September 26, 2024, Order, over 4,600 individuals were sent notice of the *Willis* Lawsuit and approximately an additional 1,020 individuals filed a consent to join in the *Willis* Lawsuit and became party plaintiffs to that action as a result of the notice.

h.      On October 19, 2023, Plaintiff Chris Rice filed a Complaint in the U.S. District Court for the Middle District of Georgia against GEICO asserting claims to recover unpaid overtime wages, liquidated damages, attorneys' fees, and costs under the FLSA, and sought to send notice of that Lawsuit to a group of current and former GEICO employees who worked as Sales Representatives. That matter was captioned *Rice, et al. v. Government Employee Insurance Company*, No. 23-CV-00414 (M.D. Ga.).

i.      On January 31, 2025, Plaintiff Christopher Rice filed a motion for conditional certification. (*Rice* ECF No. 74.) The Court denied the Motion on June 30, 2025.[1] (*Rice* ECF No. 92 at 8.) Ultimately, a total of 7 individuals who filed a written consent to join the *Rice* action remained in the case, and the Court ruled that they may continue to pursue their claims in that action. (*Rice* ECF No. 98.)

---

[1] In the same June 30, 2025, Order, the Court also dismissed Opt-In Plaintiff Danielle Maccio without prejudice upon Plaintiff's request. *Id.*

j.      On October 3, 2025, the Parties attended a formal mediation for these Lawsuits with Mediator Dennis Clifford but were unsuccessful in reaching a settlement that day.  Thereafter, the Parties continued to work with the mediator at arms-length and subsequently reached the Settlement described in this Agreement.

k.      GEICO denies any liability or wrongdoing of any kind whatsoever associated with the claims alleged by Named Plaintiffs and also denies that continued litigation of *Willis* or *Rice* on a collective-wide basis is appropriate.  Specifically, GEICO denies that it maintained any pay or employment practices that failed to comply with the FLSA, as alleged in the Lawsuits, denies that it otherwise violated any federal law as alleged in the Lawsuits, and denies that the *Willis* or *Rice* Lawsuits are appropriate for or that the facts support collective-wide or representative treatment under the governing legal standards.

l.      The Parties now desire to settle, fully and finally, all claims that the Named Plaintiffs asserted in the Complaints or could have asserted based on the facts alleged in the Complaints on the terms set forth in this Settlement Agreement.

m.      The Named Plaintiffs, and their counsel, believe that it is in their best interests and the best interests of all individuals who filed consent to join forms in the Lawsuits, not including the Named Plaintiffs, and whose claims have not been dismissed (the "***Opt-In Plaintiffs***"), to resolve this matter at this time and that this Settlement represents a fair, adequate, and reasonable resolution that avoids the expense, delay, diversion, and risk of protracted and complex litigation.

n.      If the Settlement Agreement does not become final for any reason, nothing from the settlement process, including documents created or shared as part of the settlement process or settlement administration, but not including any documents or information that otherwise was

produced in the Lawsuits, shall be admissible evidence in the Lawsuits or used in any way contrary to the interests of the Named Plaintiffs, Opt-In Plaintiffs, or Defendants.

o.      This Settlement Agreement contains all the agreements between the Named Plaintiffs, Opt-In Plaintiffs, Plaintiffs' Counsel, Defendants, and Defendants' Counsel relating to the settlement of the Lawsuits.  At all times, the negotiations leading to the Settlement Agreement were adversarial, non-collusive, and arms-length.

B.      **NO ADMISSION OF LIABILITY**

The Parties agree that Defendants, in settling these Lawsuits, expressly deny liability or wrongdoing of any kind associated with the claims asserted by the Named Plaintiffs and Opt-In Plaintiffs, and that Defendants enter into this Settlement solely for purposes of avoiding the costs and disruption of ongoing litigation and to settle any and all outstanding claims in the Lawsuits. This Settlement Agreement shall not in any way be construed as an admission by Defendants that they acted wrongfully or illegally with respect to the Named Plaintiffs, Opt-In Plaintiffs, or any other person, collectively or individually, or that those individuals have any rights whatsoever against Defendants, and GEICO specifically disclaims any liability to or wrongful acts against the Named Plaintiffs, Opt-In Plaintiffs, or any other person, on the part of Defendants, and their predecessors, successors, and assigns, their current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities, and their current and former officers, directors, shareholders, employees, agents, and representatives.  The Parties agree that none of the Named Plaintiffs and/or Opt-In Plaintiffs have prevailed on the merits and that this Settlement Agreement shall not serve or be construed as evidence that any Party has so prevailed. This Settlement Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except in an action or proceeding to approve, interpret, or enforce its terms.

C.     **INDIVIDUALS COVERED BY THIS SETTLEMENT**

This Settlement Agreement applies to the Named Plaintiffs and Opt-in Plaintiffs as defined herein. The Named Plaintiffs and Opt-In Plaintiffs covered by this Settlement are listed on **Exhibit 1** to this Settlement Agreement. The Named Plaintiffs and Opt-In Plaintiffs are together referred to herein as "***Plaintiffs***."

D.     **SETTLEMENT TERMS**

a.     ***Entry Of The Approval Order And Effective Date***

i.     As used in this Settlement Agreement, "***Approval***" means the date upon which the Court enters the Approval Order and Final Judgment granting approval of the Settlement and entering final judgment in the Lawsuits (the "***Approval Order***") as described below.

ii.     Plaintiffs shall move for Court approval of the Settlement on or before December 19, 2025.  In the Motion to Approve the Settlement and Dismiss with Prejudice the Named Plaintiffs' and Opt-In Plaintiffs' Claims, Plaintiffs shall seek entry of the Approval Order attached as **Exhibit 2**.  The Approval Order shall:

a.     state that it is binding on the Named Plaintiffs and the Opt-In Plaintiffs as defined in the Settlement Agreement;

b.     determine that there is a *bona fide* dispute between the Parties as to GEICO's liability under the FLSA and that the Settlement Agreement is fair, reasonable, and is in the best interests of the Named Plaintiffs and the Opt-In Plaintiffs;

c.     provide that the Named Plaintiffs and all Opt-In Plaintiffs will be bound by the Approval Order dismissing the Lawsuits with prejudice;

d.      dismiss the Lawsuits in their entirety, on the merits, as against Defendants with prejudice, and without costs to any party, except to the extent otherwise expressly provided in the Settlement Agreement;

e.      state that the Approval Order is a "*Final Order*" as that term is used within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure;

f.      provide that the Named Plaintiffs and the Opt-In Plaintiffs shall be permanently barred and enjoined from commencing, prosecuting, or otherwise maintaining in any court or forum any action against the Released Parties arising from or relating to any of the Released Claims from March 1, 2020, or from the date of three years prior to the filing of a written consent to become a party plaintiff to the Lawsuits pursuant to 29 U.S.C. § 216(b) (or from the date of the filing of a complaint for a Named Plaintiff if a Named Plaintiff did not file a written consent to become a party plaintiff), whichever is earlier, through the Effective Date, other than taking action to enforce this Agreement;

g.      direct the Parties, pursuant to the terms and conditions of this Settlement Agreement, to take all necessary and appropriate steps to establish the means necessary to implement the terms of the Settlement Agreement; and

- 8 -

h.　find that the Court has personal jurisdiction over the Named Plaintiffs and all of the Opt-In Plaintiffs, the Court has subject matter jurisdiction over the claims asserted in the Lawsuits, and that venue is proper.

iii.　If the Court enters an Order denying Settlement Approval, enters an Approval Order that is materially inconsistent with this Agreement, or if the Approval Order is set aside by an appeal, the Parties will meet and confer regarding whether the Parties will jointly: (i) seek reconsideration or appellate review of the relevant Order; (ii) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement; or (iii) do neither.　If any reconsideration and/or appellate review is denied, unless otherwise expressly stated herein, the Lawsuits thereafter will proceed as if the parties had never reached a settlement or sought the Court's approval of a settlement.

iv.　The term "***Effective Date***" shall be the later of 30 days after: (1) the date of the Court's entry of the Approval Order; (2) the time for an appeal has expired without the filing of any appeal; or (3) the final resolution of any appeal, writ, or challenge to the Settlement that has been lodged against the Court's approval of the Settlement.　If the Effective Date does not occur, if the Court does not enter the Approval Order, or if this Settlement Agreement is otherwise nullified pursuant to its terms, this Settlement Agreement shall be null and void, and the agreements described herein shall be of no effect and inadmissible in this or any other action or proceeding.　The Parties agree to waive all rights to appeal upon entry of the Approval Order unless expressly stated otherwise herein.

b.　***Release of Claims***

i.       In exchange for, and as a condition precedent to, receipt of a General Release Payment (as defined herein), Named Plaintiffs Cherale Willis, Sandy Colbert, Tiffaney Peacock, and Caral Taylor have signed the general release and waiver of claims which are attached to this Settlement Agreement as **Exhibit 3**.  Upon signature, Named Plaintiffs Cherale Willis, Sandy Colbert, Tiffaney Peacock, and Caral Taylor shall be deemed to release and forever discharge all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or unasserted, against GEICO, including parents, related or affiliated companies, subsidiaries, predecessors, successors, and/or divisions and each of their benefit plans, plan fiduciaries and/or administrators, shareholders, present and former officers, directors, employees, agents, attorneys, representatives, insurers, successors, and assigns (the "***Released Parties***"), whether in tort, contract, or for violation of any state or federal statute, rule, or regulation through the Effective Date of the Settlement with the sole exception of any claims which cannot be released as a matter of law (the "***General Release***").  The General Release includes any unknown claims the Named Plaintiffs do not know or suspect to exist in their favor as of the Effective Date, which, if known by them, might have affected their settlement with, and release of, the Released Parties or might have affected their decision to agree to this Settlement or the General Release.  In exchange for this General Release, the Settlement Administrator shall pay the Named Plaintiffs their General Release

Payments and their Settlement Payments from the Gross Settlement Fund, as defined below.

ii.    In exchange for, and as a condition precedent to, receipt of a Retaliation Claim Settlement Payment (as defined herein), Named Plaintiffs Christopher Rice and Amalia Benvenutti have signed the general release and waiver of claims, which expressly waives and releases their alleged claims for FLSA retaliation, which are attached to this Settlement Agreement as **Exhibit 4**. Named Plaintiffs Rice and Benvenutti agree to and shall be deemed to release and forever discharge all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, including but not limited to the retaliation claims asserted by them in the Lawsuits, known or unknown, asserted or unasserted, against the Released Parties, whether in tort, contract, or for violation of any state or federal statute, rule, or regulation through the Effective Date of the Settlement with the sole exception of any claims which cannot be released as a matter of law, as well as any claims covered by the General Release (the "***Retaliation Release***"). The Retaliation Release includes any unknown claims the Named Plaintiffs do not know or suspect to exist in their favor as of the Effective Date, which, if known by them, might have affected their settlement with, and release of, the Released Parties or might have affected their decision to agree to this Settlement or the Retaliation Release. In exchange for this Retaliation Release, the Settlement Administrator shall pay Named Plaintiffs Rice and Benvenutti Retaliation Claim Settlement

Payments and their Settlement Payments from the Gross Settlement Fund, as defined below.

iii.    In exchange for, and as a condition precedent to, receipt of Settlement Payments (as defined herein), the Named Plaintiffs and Opt-In Plaintiffs (as listed on **Exhibit 1** to the Settlement Agreement), on behalf of themselves and their heirs, representatives, successors, assigns, and attorneys, shall be deemed to fully and finally release and discharge the Released Parties from any and all suits, actions, causes of action, claims, or demands asserted in any of the Lawsuits or that could have been asserted in the Lawsuits, or that relate to or arise out of any facts alleged in any version of the complaints filed in the Lawsuits, from March 1, 2020, or from the date three years prior to the filing of their written consent to become a party plaintiff to the Lawsuits pursuant to 29 U.S.C. § 216(b), whichever is earlier, through the Effective Date. This release includes but is not limited to all claims for alleged unpaid overtime, regular, straight-time, or minimum wages; retaliation related to any complaint regarding participation in the Lawsuits that could have been asserted in any of the Lawsuits; failure to provide compliant meal and/or rest breaks; failure to pay meal and/or rest period compensation; failure to maintain required business and payroll records; failure to provide accurate or complete itemized wage statements; failure to compensate for all time worked; failure to properly calculate compensable time worked or the regular rate of pay; waiting time penalties; failure to pay all wages due in a timely manner, including wages owed upon termination

of employment; contributions to any 401(k) or other retirement or employee benefit plan based on payments made by reason of the Settlement Agreement; liquidated or multiple damages, penalties, restitution, interest, attorneys' fees or costs, declaratory relief, equitable relief, or injunctive relief for any such claims. (collectively, the "***Released Claims***").   The Named Plaintiffs and Opt-In Plaintiffs may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the Released Claims.   However, upon the Effective Date, and notwithstanding the execution or non-execution of releases, all Named Plaintiffs and Opt-In Plaintiffs shall be deemed to have, and by operation of this Agreement and the Approval Order, shall have fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, without regard to the subsequent discovery or existence of such different or additional facts. Named Plaintiffs and Opt-In Plaintiffs forever shall be barred from accepting, joining, or instituting any lawsuit, class action, collective action, administrative claim, or other claim of any sort or nature whatsoever against the Released Parties, for the time periods specified herein, concerning, related to, or arising from any of the Released Claims.   Nothing in this provision releases any claims that cannot be released as a matter of law, but this Section will be given the broadest possible interpretation allowable by law.

**c.** _**Settlement Administration**_

    i.     ILYM Group, Inc. shall administer this Settlement ("_**Settlement Administrator**_"). Plaintiffs' Counsel selected ILYM Group, Inc. Plaintiffs and their Counsel shall have the right to select or substitute a different Settlement Administrator, but that selection must be agreed to by Defendants. The Settlement Administrator shall be responsible for: (i) allocating the Net Settlement Amount among the Named Plaintiffs and Opt-In Plaintiffs pursuant to this Agreement; (ii) reporting on the status of the administration of the Settlement to the Parties and providing the Parties necessary information; (iii) conferring with Plaintiffs' Counsel and Defendants' Counsel to resolve any issues or disputes; (iv) setting up, administering, and making payments from the QSF (as defined herein); (v) advising GEICO of timing and amounts needed to fund the QSF; (vi) distributing Settlement Payments to Named Plaintiffs and Opt-In Plaintiffs from the QSF; (vii) withholding the Named Plaintiffs' and Opt-In Plaintiffs' share of income, payroll, and other taxes, remitting such funds to the appropriate taxing authorities, and completing any associated tax reporting and filing requirements; (viii) determining the employer's share of payroll taxes, communicating such amounts to GEICO, remitting and reporting the applicable portions of such payroll tax payments to the appropriate taxing authorities on a timely basis, and issuing the appropriate tax reporting documentation; and (ix) performing such additional duties as the Parties mutually direct.

ii.     The costs of settlement administration are expected not to exceed $14,137.50, will be paid out of the QSF and shall include all costs, including the Settlement Administrator's fee, necessary to administer the Settlement Agreement.

iii.    The actions of the Settlement Administrator shall be governed and limited by the terms of the Settlement Agreement.  Plaintiffs' Counsel and Defendants' Counsel shall provide relevant information and guidance as needed by the Settlement Administrator in the performance of its duties and engage in related communications with the Settlement Administrator with notice and copies to one another, as appropriate, but without notice or copies to the Named Plaintiffs, Opt-In Plaintiffs, or the Court, unless requested by the Court.  In the event that an issue arises that the Settlement Administrator must resolve that is not specifically addressed in the Settlement Agreement, or is ambiguously addressed, the Settlement Administrator shall confer with counsel for both of the Parties to resolve the question or issue.

d.    _**Gross Settlement Fund**_

i.     The Parties agree to a definitive settlement of all matters and issues related to the Lawsuits for a maximum total aggregate settlement amount of $900,000.00 (the "***Gross Settlement Fund***").  The Gross Settlement Fund includes all monies to be paid by Defendants in connection with the Settlement, including, without limitation, all General Release Payments, all Retaliation Claim Settlement Payments, all Settlement Payments, Plaintiffs' attorneys' fees and costs, all payroll taxes including employer-side payroll

taxes, and all costs including Administration Costs incurred by the Settlement Administrator in administering the Settlement.  The amount remaining from the Gross Settlement Fund after subtracting all General Release Payments, all Retaliation Claim Settlement Payments, Plaintiffs' attorneys' fees and costs, all employer-side payroll taxes, and all Settlement Administration Costs will be referred to as the "***Net Settlement Fund***."

ii.    Subject to the Court's approval, Defendants shall fund a Qualified Settlement Fund (the "***QSF***") with the entirety of the Gross Settlement Fund by transmitting the funds, either through a single payment or through multiple payments, no later than 30 days after the Effective Date.  No later than three business days after the Effective Date, the Administrator shall provide to the Defense Counsel detailed instructions for transmitting the Gross Settlement Amount to the Administrator via FedEx delivery (by Defendant's company check(s)) and via bank-to-bank wire transfer. Defendant shall transmit the funds to the QSF using either method.

iii.    Subject to the Court's approval, the Settlement Administrator will pay Plaintiffs' Counsel any Fees and Costs (as defined herein) approved by the Court, withhold any administration costs owed to the Settlement Administrator in administrating this Settlement, pay any General Release Payment in accordance with this Agreement, issue Retaliation Claim Settlement Payments to Plaintiffs Benvenutti and Rice, and issue a check to each Named Plaintiff and Opt-In Plaintiff for his or her Settlement Payment, subject to withholding, calculated in accordance with this Agreement.

iv.     No funds other than those described in this Settlement Agreement shall be added to or comingled with the QSF.  In no event shall the Settlement Administrator withdraw, transfer, pledge, impair, or otherwise make use of the funds in the QSF except as expressly provided in this Settlement Agreement.

v.      The QSF will be an interest-bearing escrow account opened, administered and controlled by the Settlement Administrator.  The account shall be opened and administered by the Settlement Administrator as a qualified settlement fund under Section 468B of the IRC and Treas. Reg. § 1.468B-1 *et seq*.  While held in the QSF, the funds in the QSF shall accrue interest at the then-current rate of the interest-bearing Federal Deposit Insurance Corporation (the "*FDIC*") insured checking account.

vi.     The Settlement Administrator shall be the "administrator" of the QSF within the meaning of Treas. Reg. § 1.468B-2(k)(3).  Defendants shall be the "transferors" with respect to the QSF within the meaning of Treas. Reg. § 1.468B-1(d)(1).   The Settlement Administrator shall provide to Defendants a properly completed and duly executed Internal Revenue Service ("*IRS*") Form W-9 of the QSF prior to the deposit of the First Installment to the QSF.  The Settlement Administrator shall cooperate in good faith and consistent with law as requested by Defendants in the making of any election with respect to the QSF, including a "relation-back election" pursuant to Treas. Reg. § 1.468B-1(j).  Any remaining or residual money in

the QSF after distribution of the payments required by this Agreement shall remain the property of GEICO.

vii.    With respect to the QSF, the Settlement Administrator shall:  (1) calculate, withhold, remit, and report each Named Plaintiff's and each Opt-In Plaintiff's share of applicable payroll taxes (including, without limitation, federal state and local income tax withholding, Federal Insurance Contributions Act ("**FICA**"), Medicare and any state or local employment taxes); (2) satisfy all federal, state and local income and other tax reporting, return, and filing requirements with respect to the QSF; and (3) satisfy out of the QSF all (i) taxes (including any estimated taxes, interest, or penalties) with respect to employer-side payroll taxes and taxes on the interest or other income earned by the QSF, and (ii) fees, expenses, and costs incurred in connection with the opening and administration of the QSF and the performance of its duties and function as described in this Settlement Agreement, which such fees, costs, and expenses shall be treated as and included in the costs of administering the QSF.

e.    _**Timeline of Settlement Events**_

i.    The Parties contemplate the following timeline for settlement events. Within twenty-one (21) days of the Court's order approving this Settlement, Defendants will provide the Settlement Administrator and Plaintiffs' Counsel with a secure, password protected list that shall contain all Named Plaintiff and Opt-in Plaintiffs' names, Social Security numbers, and the number of workweeks he or she worked in a position covered by the claims

- 18 -

in the Lawsuits from March 1, 2020, or from the date three years prior to the filing of his or her written consent to become a party plaintiff to the Lawsuits pursuant to 29 U.S.C. § 216(b), whichever is earlier, to the Effective Date, as reflected in its business records (the "***Database***").  The Settlement Administrator and Plaintiffs' Counsel will keep the Database, and the information contained therein, confidential and will not use it for any purpose other than administration of this Settlement.   Plaintiffs' Counsel shall review the information provided by Defendants in the Database, and Plaintiffs' Counsel may raise any issue regarding the accuracy of the information in the Database, including the number of workweeks worked by each respective Named and Opt-In Plaintiff until seven (7) days prior to the date that Defendants are set to fund the QSF.  The Parties agree to work in good faith to resolve any dispute concerning the information provided in the Database.  Plaintiffs' Counsel also will provide mailing address information for each of the Opt-In Plaintiffs to the Settlement Administrator, and the last 4 digits of Social Security number ("***SSN***") for any Opt-In Plaintiff provided to Plaintiffs' counsel.  Prior to sending any settlement checks, the Settlement Administrator shall produce a list to Plaintiffs' Counsel and Defendants' counsel of the Named Plaintiff and Opt-in Plaintiffs' mailing addresses along with their settlement amounts based on the calculations conducted in accordance with Section D(f) of this Agreement and the other settlement amounts referenced in this Agreement ("***Settlement Distribution List***").   Plaintiffs' Counsel shall approve the

Settlement Distribution List prior to the Settlement Administrator issuing any settlement payments.

ii.    Within fourteen (14) days after Defendants fund the QSF or within seven (7) days after Plaintiffs' Counsel approved the Settlement Distribution List (whichever is later), the Settlement Administrator shall mail:  (i) to each Named Plaintiff and Opt-In Plaintiff, by first class mail to his or her address on the Settlement Distribution List, a check or checks representing the Settlement Payment from the Net Settlement Fund payable to each Named Plaintiff and Opt-In Plaintiff in the amount provided on the Settlement Distribution List; (ii) to each Named Plaintiff who signed a General Release prior to Approval, by first class mail to his or her address on the Settlement Distribution List, a check or checks representing the General Release Payment approved by the Court in the amount provided on the Settlement Distribution List; and (iii) to Plaintiffs Benvenutti and Rice who executed Retaliation Releases prior to Approval, by first class mail to his or her address on the Settlement Distribution List, a check or checks representing the Retaliation Claim Settlement Payment approved by the Court in the amount provided on the Settlement Distribution List.

iii.    The deadline for recipients to cash checks will be 120 days from the date the checks are issued by the Settlement Administrator, which will be communicated by the Settlement Administrator to the Parties.    The Settlement Administrator shall also ensure that this deadline is communicated to Plaintiffs in writing along with the issued checks when

they are mailed to Plaintiffs.  The Settlement Administrator may reissue and resend checks that remain uncashed, subject to deductions of any costs associated with the reissuance (including costs of canceling checks and processing a new check) at Plaintiffs' Counsel's request during the 120-day period and for good cause.  Good cause shall include only errors made in the issuance of the settlement check preventing its negotiation, or a representation from an Opt-In Plaintiff that he or she did not receive his or her settlement check and shall not include checks that merely remain uncashed near the expiration of the 120-day period.  If a new settlement check is reissued, the Opt-In Plaintiffs shall have an additional 30 days to cash their re-issued check.  Settlement checks shall not re-issue more than once.  No checks shall be reissued following the expiration of the initial 120-day period.

iv.    Within ten (10) calendar days after the deadline for recipients to cash settlement checks, the Settlement Administrator shall provide copies of all endorsed checks to the Parties that are then available, and shall promptly provide any outstanding copies of endorsed checks when subsequently available.  Any funds remaining from uncashed settlement checks or otherwise shall remain the property of GEICO, and thereafter be returned by the Settlement Administrator to GEICO.

f.    ***Plan for Allocation of Net Settlement Fund Among Plaintiffs; Tax Treatment of Settlement Payments***

i.    The Settlement Administrator shall calculate the Net Settlement Fund by deducting from the Gross Settlement Fund the amounts approved by the

Court for General Release Payments for Named Plaintiffs, Retaliation Claim Settlement Payments for Benvenutti and Rice, Fees and Costs (as defined herein), all employer-side payroll taxes, and all Settlement Administration Costs owed to the Settlement Administrator for administering the Settlement. The Settlement Administrator shall allocate the Net Settlement Fund among all Plaintiffs, pursuant to a "points" formula as follows:

1.      Named and Opt-in Plaintiffs shall be assigned one (1) point for each workweek he or she worked during the time periods described in Section D(e)(1). If any Named Plaintiffs or Opt-in Plaintiffs did not work any workweeks during the time periods covered by this Agreement, then those Named Plaintiffs or Opt-in Plaintiffs shall be assigned one (1) point, so that they will be provided a minimum settlement payment for the release of their claims in this action.

2.      To calculate the portion of the Net Settlement Fund that shall be apportioned to each Named Plaintiff and Opt-In Plaintiff for his or her Settlement Payment, the Settlement Administrator shall: (i) determine the sum of the total number of points for all Opt-In Plaintiffs; (ii) divide the Net Settlement Fund by the sum calculated in subsection (i) of this provision to find the amount allocated to each point; and (iii) multiply the amount allocated to each point by the number of points assigned to each Named Plaintiff and Opt-In

Docusign Envelope ID: 1666B74B-EA12-45A7-99C5-FB05CDD86440

Plaintiff to determine such Named Plaintiff's or Opt-In Plaintiff's "***Settlement Payment.***"

3.      For income and payroll tax purposes, the Parties agree that 50% of the Settlement Payments shall be treated as interest, penalties, and non-wage recovery and shall not be subject to required withholdings and/or deductions and shall be reported as non-wage income as required by law and thus the Settlement Administrator shall not withhold any taxes from such portion of the Settlement Payment treated as interest, penalties, and non-wage recovery.  The other 50% of the Settlement Payments shall be treated as wages subject to applicable tax withholdings.

4.      The Settlement Administrator shall issue to each Named Plaintiff and Opt-In Plaintiff who receives and negotiates the Settlement Payment an IRS Form 1099 for the non-wage portion of the Settlement Payment and an IRS Form W-2 for the wage portion of the Settlement Payment.  Other than the withholding and reporting requirements herein, the Named Plaintiffs and Opt-In Plaintiffs shall be solely responsible for the reporting and payment of their share of any federal, state, and/or local income or other taxes on payments received pursuant to this Settlement Agreement.

5.      The Settlement Administrator shall be responsible for deducting and withholding the employee's share of all required income, payroll, and other taxes and for remitting all necessary taxes and

- 23 -

withholdings to the appropriate governmental agencies. The Settlement Administrator shall determine the employer's share of payroll employment taxes on Settlement Payments to the Opt-In Plaintiffs and shall communicate such amounts to GEICO with a detailed explanation of the calculations. The Settlement Administrator shall thereafter remit and report the applicable portions of the payroll tax payment to the appropriate taxing authorities on a timely basis. The Settlement Administrator will issue the appropriate tax reporting documentation within the same tax year that the settlement is paid to the Named Plaintiffs and Opt-In Plaintiffs.

g.    ***Attorneys' Fees Awards and General Release Payments***

i.    Subject to the Court's approval Order, the Settlement Administrator shall electronically transfer $520,500.00 to an account maintained by Plaintiffs' counsel by instructions by Plaintiff's counsel for reasonable attorneys' fees and costs from the Gross Settlement Fund (the "***Fees and Costs***"), or any such amount the Court directs or orders. GEICO shall not oppose Plaintiffs' Counsel's motion for such reasonable Fees and Costs as stated herein so long as it is consistent with applicable law. In the event that the Court declines to approve Fees and Costs, or reduces the Fees and Costs, the terms of Section D(k) shall apply. The Settlement Administrator shall cause an IRS Form 1099 to be issued to Plaintiffs' Counsel for the Court-approved amount.

ii.     The payment of the Fees and Costs awarded to Plaintiffs' Counsel shall constitute full and final satisfaction of the obligation to pay any amounts to any person, attorney, or law firm for attorneys' fees, costs, expenses, or litigation expenses in the Lawsuits incurred by any attorney on behalf of Named and Opt-in Plaintiffs, and shall relieve Defendants, the Settlement Administrator, and Defendants' Counsel of any and all other claims or liability to any other attorney or law firm for any attorneys' fees, expenses, and/or costs to which any of them may claim to be entitled on behalf of the Named and Opt-in Plaintiffs. As an inducement to Defendants to enter into this Agreement, and as a material condition thereof, the Plaintiffs and Counsel for Plaintiffs hereby irrevocably and unconditionally release, acquit, and forever discharge any claim they may have against the Released Parties for Fees and Costs arising from or relating to the individuals and matters identified in this Agreement. As a further inducement to Defendants to enter into this Agreement, and as a material condition thereof, the Plaintiffs and Plaintiffs' Counsel further understand and agree that the Fees and Costs made pursuant to this Agreement will be the full, final, and complete payment of all attorneys' fees and costs that are released, acquitted, or discharged under this Agreement. As further inducement to Defendants to enter into this Agreement, and as a material condition thereof, the Plaintiffs and Plaintiffs' Counsel warrant, represent, and covenant that they will not, nor will any of their employees, agents, or representatives of their firms, file any claims for attorneys' fees or costs, including, but not

limited to, bills of costs or requests for attorneys' fees, for any fees and/or costs arising out of this matter, and the Plaintiffs and Plaintiffs' Counsel hereby irrevocably and unconditionally release, acquit, and forever discharge the Released Parties of any liability for such fees and/or costs. Further, the Plaintiffs and Plaintiffs' Counsel represent and warrant that no attorney, other than Plaintiffs' Counsel, has any attorneys' fee lien on or claim to any proceeds arising out of, by virtue of, or in connection with this matter, and that the terms of this Agreement shall fully satisfy any and all claims by any attorney arising out of or by virtue of or in connection with this matter.

iii.    Plaintiffs' Counsel will ask the Court to approve General Release Payments of $5,000 each for Named Plaintiffs Cherale Willis, Sandy Colbert, Tiffaney Peacock, and Caral Taylor in exchange for the consideration described in Section D(b)(i). The General Release Payments approved by the Court shall be paid from the QSR, in addition to the Settlement Payments, in the form of a check. All General Release Payments shall be treated as non-wage income and shall not be subject to required withholdings and deductions and shall be reported as non-wage income on an IRS Form 1099 as required by law. In the event that the Court declines to approve the General Release Payments, the terms of Section D(k) shall apply.

iv.    Plaintiffs' Counsel will ask the Court to approve Retaliation Claim Settlement Payments of $20,000 each for Named Plaintiffs Christopher

Rice and Amalia Benvenutti in exchange for the consideration described in Section D(b)(ii).  The Retaliation Claim Settlement Payments approved by the Court shall be paid from the QSR, in addition to the Settlement Payments, in the form of a check.  All Retaliation Claim Settlement Payment shall be treated as non-wage income and shall not be subject to required withholdings and deductions and shall be reported as non-wage income on an IRS Form 1099 as required by law.  In the event that the Court declines to approve the Retaliation Claim Settlement Payments, the terms of Section D(k) shall apply.

**h.**      **_Representations and Responsibilities of the Parties_**

     i.     The Parties shall perform all duties as stated in this Settlement Agreement.

     ii.    Plaintiffs' Counsel represent that, as of the date the Settlement Agreement is executed, they do not represent any other current or former employees of Defendants who are planning to file claims against Defendants that are not covered by the Releases set forth herein.

**i.**      **_Undistributed Settlement Awards_**

Named Plaintiffs and/or Opt-in Plaintiffs will have 120 days after the issuance of a check by the Settlement Administrator to cash that check, subject to the process described in Section D(e).  In such an event, any Named Plaintiff or Opt-In Plaintiff whose check was not timely cashed will be deemed to have waived irrevocably any right or claim to his or her payment from the Net and/or Gross Settlement Fund, but the Settlement nevertheless will be binding upon the Named Plaintiff and/or Opt-In Plaintiff.

**j.**      **_Settlement Bar_**

All Named Plaintiffs and Opt-In Plaintiffs will be bound by the Settlement and its release of all claims, and no Named Plaintiff or Opt-In Plaintiff will be entitled to pursue any relief separate from the Settlement Agreement. The Settlement Agreement is contingent upon the Court entering a settlement bar order that prohibits all Named Plaintiffs and all Opt-In Plaintiffs from bringing any claim released pursuant to Section D of this Agreement.

**k.** ***Amendment or Modification***

If the Court fails to approve the General Release Payments or the Retaliation Claim Settlement Payments, then the Parties agree to re-negotiate the amounts allocated to the General Release Payments or the Retaliation Claim Settlement Payments in an amount not to exceed the limits set forth in Section D(g) of this Settlement. If the Court fails to approve the General Release Payments or the Retaliation Claim Settlement Payments but approves the Settlement Payments to Named Plaintiffs and Opt-In Plaintiffs set forth in Section D(f), the Named Plaintiffs shall still release any claims described in Section D(b)(iii). If the Court approves General Release Payments or Retaliation Claim Settlement Payments to some, but not all of the Named Plaintiffs, then only those Named Plaintiffs whose payments are approved in full shall release the additional claims contemplated in Sections D(b)(i). and/or D(b)(i), as applicable.

If the Court alters, fails to approve, or reduces, the Fees and Costs, it shall not be grounds for the Parties to terminate the Settlement Agreement. The Named Plaintiffs and Plaintiffs' Counsel, in their sole discretion, may file a motion for reconsideration or may appeal the Court's decision, but such motion or appeal shall be limited to the portion of the Court's decision regarding Fees and Costs. GEICO shall not oppose any such motion for reconsideration or appeal of any such decision so long as they are consistent with applicable law. The result of any motion for reconsideration or appeal shall not be grounds to terminate the Settlement Agreement. If the Court

alters or fails to approve any other aspect of the Settlement Agreement not explicitly mentioned in this Section D(k), GEICO in its sole discretion shall have the ability to void the Settlement in its entirety by providing written notice to Plaintiffs' Counsel within 7 days of the order excluding any material terms.

  **l.**   <u>*Entire Agreement*</u>

  This Settlement Agreement and any Exhibits constitute the entire agreement among these Parties relating to any and all matters addressed in the Settlement Agreement, and all prior or contemporaneous negotiations, agreements, understandings, representations, and statements, whether oral or written and whether by one of the Parties or such Parties' legal counsel, shall not be made a part of this Settlement Agreement. To this end, this Settlement expressly supersedes and replaces the Parties' Memorandum of Understanding. No rights hereunder may be waived or modified except in a writing signed by all Parties and approved by the Court.

  **m.**   <u>*Authorization to Enter into Settlement Agreement*</u>

  Counsel for all Parties warrant and represent they are expressly authorized by the Parties who they represent to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Settlement Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to affect the implementation of the Settlement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement(s).

  **n.**   <u>*Binding on Successors and Assigns*</u>

This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto.

**o.**     ___No Prior Assignments___

The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights released and discharged in this Settlement.

**p.**     ___Maryland Law Governs___

All terms of this Settlement Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of Maryland, the location of GEICO's headquarters.

**q.**     ___Counterparts___

This Settlement Agreement may be executed in one or more counterparts. All executed counterparts shall be deemed to be one and the same instrument. Electronic signatures and signatures transmitted by fax or .pdf shall have the same effect as an original ink signature.

**r.**     ___Fair, Adequate and Reasonable Settlement___

The Parties warrant and represent they have conducted a thorough investigation of the facts and allegations in the Lawsuits. The Parties further represent and warrant that they believe this Settlement Agreement represents a fair, adequate and reasonable Settlement of these actions and that they have arrived at this Settlement Agreement through extensive arms-length negotiations, and have considered all relevant factors, both present and potential.

**s.**     ___Retention of Jurisdiction___

The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement, and all Parties submit to the jurisdiction of the Court for purposes of

implementing and enforcing the terms of this Settlement Agreement. Any claim concerning enforcement of the Settlement Agreement, or the subject matter hereof after execution, will be resolved solely and exclusively by the U.S. District Court for the Middle District of Georgia.

     **t.**     ***Cooperation and Drafting***

Each of the Parties has cooperated in the drafting and preparation of this Settlement Agreement. Hence, in any construction made to this Settlement Agreement, the Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her, or its counsel participated in the drafting of this Settlement. The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Settlement. The Parties to this Settlement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein. As soon as practicable after execution of this Settlement, Plaintiffs' Counsel shall, with the assistance and cooperation of the Defendants and Defendants' counsel, take all necessary steps to secure the Court's approval of this Settlement.

Should the Court not approve the Settlement Agreement, not enter the Approval Order, or if GEICO declares the Settlement Agreement null and void pursuant to an applicable provision of the Settlement Agreement, the terms of this Settlement Agreement will be null and void, the Parties will retain all rights and defenses in the Lawsuit, and all negotiations and information and materials pertaining in any way to this Agreement or the settlement of the Lawsuit, unless otherwise produce during the course of the Lawsuit, will be inadmissible.

     **u.**     ***Invalidity of Any Provision***

Before declaring any provision of this Settlement Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Settlement Agreement as valid and enforceable.

**v.** _**Circular 230 Disclaimer**_

Each Party to this Settlement Agreement acknowledges and agrees that (1) no provision of this Settlement Agreement, and no written communication or disclosure between or among the Parties or their attorneys and other advisers regarding this Settlement Agreement, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of U.S. Treasury Department Circular 230 (31 C.F.R. Part 10, as amended); (2) each Party (A) has relied exclusively upon his, her or its own, independent legal and tax advisers for advice (including tax advice) in connection with this Settlement Agreement, (B) has not entered into this Settlement Agreement based upon the recommendation of any Party or any attorney or advisor to any other Party, and (C) is not entitled to rely upon any communication or disclosure by any attorney or adviser to any other Party to avoid any tax penalty that may be imposed on that Party; and (3) no attorney or adviser to any other Party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the acknowledging party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this Settlement Agreement.

**w.** _**Confidentiality**_

The Parties (_i.e._, the Named Plaintiffs, Plaintiffs' counsel, and Defendants' counsel) agree that prior to the public court docket filing of the motion for settlement approval, they will keep all terms of the Settlement strictly confidential. The Parties agree that they shall not issue any press

release or make any public statements or representations about the Settlement other than to obtain Court approval and to effectuate the terms of the Settlement. Plaintiffs' counsel agrees not to identify GEICO or to refer to the Settlement in any way in any website, blog, article, or social media. At all times, including after the filing of the motion for settlement approval, Named Plaintiffs and Plaintiffs' counsel agree not to disparage GEICO. This confidentiality and non-disparagement provision is a material provision of the Settlement, and any breach of this provision constitutes a breach of the Settlement Agreement, entitling GEICO to sue for an injunction, damages, or any other appropriate relief.

    **x.**     _**Interdependence of Monetary and Non-Monetary Terms**_

All terms of this Agreement are conditional upon, interdependent with, and inextricably intertwined with each other. In other words, there can never be a settlement until there is an agreement as to each and every material term, and all material terms are interrelated and dependent upon one another, including but not limited to all terms of monetary relief and non-monetary relief.

    **y.**     _**Dismissal**_

Following Approval of this Settlement and the Settlement Agreement by the Court, the Parties shall work together to take all appropriate actions to dismiss the Lawsuits subject to the Settlement Agreement with prejudice.

    **z.**     _**Notice to the Parties**_

Unless otherwise stated herein, any notice to the Parties required or provided for under this Settlement Agreement will be in writing and may be sent by electronic mail, hand delivery, or U.S. mail, postage prepaid, as follows:

If to Plaintiffs' Counsel:             If to Defendants' Counsel:

David Garrison
**BARRETT JOHNSTON MARTIN &**
**GARRISON, PLLC**
200 31st Ave North
Nashville, Tennessee 37203
Email: dgarrison@barrettjohnston.com

Gerald L. Maatman, Jr.
**DUANE MORRIS LLP**
190 South LaSalle St., Suite 3700
Chicago, Illinois 60603
Email: gmaatman@duanemorris.com

[*signature pages follow*]

DATED: _12/21/2025_____, 2025

NAMED AND OPT-IN PLAINTIFF AMALIA
BENVENUTTI

By: _Amalia Benvenutti_____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF CHERALE
WILLIS

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF SANDY
COLBERT

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF TIFFANEY
PEACOCK

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF CARAL
TAYLOR

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF
CHRISTOPHER RICE

By: _____

DATED: _____, 2025

PLAINTIFFS' COUNSEL

By: _____

DATED: _12/19/2025_____, 2025

GOVERNMENT EMPLOYEES INSURANCE
COMPANY d/b/a GEICO

By: _Christopher B. Trumpower_____
Signed by:
AE3C7C1026D092D...
Its: _Director and Assistant GC, Corporate Litigation_

- 35 -

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF AMALIA BENVENUTTI

By: _____

DATED: _12/22/2025_____, 2025

NAMED AND OPT-IN PLAINTIFF CHERALE WILLIS

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF SANDY COLBERT

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF TIFFANEY PEACOCK

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF CARAL TAYLOR

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF CHRISTOPHER RICE

By: _____

DATED: _____, 2025

PLAINTIFFS' COUNSEL

By: _____

DATED: _12/19/2025_____, 2025

GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO

By: _Christopher B. Trumpower_____
Its: _Director and Assistant GC, Corporate Litigation_

- 35 -

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF AMALIA BENVENUTTI

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF CHERALE WILLIS

By: _____

DATED: 12/20/2025 , 2025

NAMED AND OPT-IN PLAINTIFF SANDY COLBERT

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF TIFFANEY PEACOCK

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF CARAL TAYLOR

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF CHRISTOPHER RICE

By: _____

DATED: _____, 2025

PLAINTIFFS' COUNSEL

By: _____

DATED: 12/19/2025 , 2025

GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO

By: Christopher B. Trumpower

Its: Director and Assistant GC, Corporate Litigation

- 35 -

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF AMALIA
BENVENUTTI

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF CHERALE
WILLIS

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF SANDY
COLBERT

By: _____

DATED: 12/22/2025 , 2025

NAMED AND OPT-IN PLAINTIFF TIFFANEY
PEACOCK

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF CARAL
TAYLOR

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF
CHRISTOPHER RICE

By: _____

DATED: _____, 2025

PLAINTIFFS' COUNSEL

By: _____

DATED: 12/19/2025 , 2025

GOVERNMENT EMPLOYEES INSURANCE
COMPANY d/b/a GEICO

By: _Christopher B. Trumpower_
Its: Director and Assistant GC, Corporate Litigation

- 35 -

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF AMALIA BENVENUTTI

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF CHERALE WILLIS

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF SANDY COLBERT

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF TIFFANEY PEACOCK

By: _____

DATED: 12/19/2025 _____, 2025

NAMED AND OPT-IN PLAINTIFF CARAL TAYLOR

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF CHRISTOPHER RICE

By: _____

DATED: _____, 2025

PLAINTIFFS' COUNSEL

By: _____

DATED: 12/19/2025 _____, 2025

GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO

By: _Christopher B. Trumpower_
Its: _Director and Assistant GC, Corporate Litigation_

- 35 -

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF AMALIA
BENVENUTTI

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF CHERALE
WILLIS

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF SANDY
COLBERT

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF TIFFANEY
PEACOCK

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF CARAL
TAYLOR

By: _____

DATED: 12/19/2025 _____, 2025

NAMED AND OPT-IN PLAINTIFF
CHRISTOPHER RICE

By: _____

DATED: _____, 2025

PLAINTIFFS' COUNSEL

By: _____

DATED: 12/19/2025 _____, 2025

GOVERNMENT EMPLOYEES INSURANCE
COMPANY d/b/a GEICO

Signed by:
By: Christopher B. Trumpower
AE3C7C1026D092D...
Its: Director and Assistant GC, Corporate Litigation

- 35 -

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF AMALIA BENVENUTTI

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF CHERALE WILLIS

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF SANDY COLBERT

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF TIFFANEY PEACOCK

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF CARAL TAYLOR

By: _____

DATED: _____, 2025

NAMED AND OPT-IN PLAINTIFF CHRISTOPHER RICE

By: _____

DATED: 12/22/2025, 2025

PLAINTIFFS' COUNSEL

By: _____

DATED: 12/19/2025, 2025

GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO

By: _Christopher B. Trumpower_

Its: Director and Assistant GC, Corporate Litigation

- 35 -

DATED: ___12/19/2025___, 2025

GEICO GENERAL INSURANCE COMPANY

By: _Christopher B. Trumpower_
Its: _Director and Assistant GC, Corporate Litigation_

DATED: _Dec. 19_, 2025

DEFENDANTS' COUNSEL

By: _____

EXHIBIT 1

EXHIBIT 1

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 1 | Amalia | | Benvenutti |
| 2 | Judith | | Adams |
| 3 | Miyata | | Harris (Finley) |
| 4 | Rissiah | | Johnson (Sanders) |
| 5 | Karianne | | Lawrence |
| 6 | Ashley | | Johnson |
| 7 | Jessica | | Burbank |
| 8 | Caral | | Taylor |
| 9 | Ashley | N. | Adams |
| 10 | Mark | | Alvarez |
| 11 | Catelyn | | Brooks |
| 12 | Tyler | | Cavender |
| 13 | Mistey | M. | Coldwell |
| 14 | Jacquetta | | Johnson |
| 15 | Stephanie | | Logan |
| 16 | Amber | | Martin |
| 17 | Jeshanah | | Martinez |
| 18 | Sandilyn | | Maynard |
| 19 | Tina | | Minter (Foster) |
| 20 | William | | Montgomery |
| 21 | Yameseia | | Solomon |
| 22 | Brittany | Tracey | Taylor |
| 23 | Briana | D. | Trower |
| 24 | Sarah | | Turner |
| 25 | Jamesia | | Williams |
| 26 | Shalise | | Williams |
| 27 | Deaundra | S. | Bonner |
| 28 | Olympian | | Brezial |
| 29 | Tyesha | | Brown |
| 30 | Dominique | | Coles |
| 31 | Alice | J. | Davis |
| 32 | Erica | | Gadison |
| 33 | Toshi | | Glover |
| 34 | Victoria | Ann | Johnson |
| 35 | Megan | | Keown |
| 36 | Latie | | King |
| 37 | Diana | | Leflore |
| 38 | Sheree | Alexandria | Long |
| 39 | Veronica | S. | McCoy |
| 40 | LaShonda | | Orange |
| 41 | Shun'kia | | Turner |

**EXHIBIT 1**

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 42 | Seante | | Underwood (Brooks) |
| 43 | Haley | Kent | Walls |
| 44 | Deja | | Williams |
| 45 | Antishia | | Wright |
| 46 | Sylvia | | Childress |
| 47 | Ashley | | Deloach |
| 48 | Shandreka | | Dixon |
| 49 | Devay | | Fluellyn |
| 50 | Alissa | | Fowler Podskoc |
| 51 | Leroy | | Frazier |
| 52 | Christian | | Gray |
| 53 | Shayla | | Hicks |
| 54 | Jasmine | | Hicks |
| 55 | Lusandria | | Johnson |
| 56 | Christoria | A. | Lockett |
| 57 | Eddie | Lee | Locklear-Mungin |
| 58 | Shanika | | Martin |
| 59 | Matthew | | Trevitt |
| 60 | De'Erica | | Vaughn |
| 61 | Kashia | | Ward |
| 62 | Khadijah | | Webb |
| 63 | Angela | Renee | Williams |
| 64 | Tia | | Williams |
| 65 | Jalen | | Askew |
| 66 | La'Maya | | Basby |
| 67 | Sara | | Brearley |
| 68 | Elizabeth | S. | Brown |
| 69 | Renalda | | Capers |
| 70 | Breonn | | Carter |
| 71 | Ke'Ana | | Duran |
| 72 | Adia | | Ford |
| 73 | Destinee | | Heath-Gober |
| 74 | Brittaney | | Ketcham |
| 75 | Sophia | | Knight |
| 76 | Thomas | | Kraemer |
| 77 | Jermiah | | McGhee |
| 78 | Jasmine | Leigh | Raiford |
| 79 | Katrecia | | Stephens |
| 80 | Shenyca | | Walker |
| 81 | Jymira | | Warren |

**EXHIBIT 1**

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 82 | Chakiyah | Andrea | Wesley |
| 83 | Cheala | | White |
| 84 | Supporria | | Yates |
| 85 | Atiya | | Abdullah |
| 86 | Monica | | Breen |
| 87 | Ernestine | | Burley |
| 88 | Da'keesha | | Burnett |
| 89 | Shemeki | | Callaway |
| 90 | Trevor | | Chastain |
| 91 | Jessica | | Faulks |
| 92 | QuNisha | TyShaonia | Harris (Davis) |
| 93 | Shane | | Jones |
| 94 | Jasmine | Devaughn | Kendall |
| 95 | Manasseh | | McGee |
| 96 | Jessica | | Molina |
| 97 | Armani | | Odom |
| 98 | Jalesia | | Rogers |
| 99 | Demetrius | | Stephens |
| 100 | Kira | Cheyenne | Thompson |
| 101 | Ymani | | Wade |
| 102 | Danelle | | Wilson |
| 103 | Lekeida | | Brown |
| 104 | Alexius | | Burney |
| 105 | Christy | | Clay |
| 106 | Myaa | | Earley |
| 107 | Sean | | Graupner |
| 108 | Jaclyn | | Hair |
| 109 | Latoyia | | Hawkins |
| 110 | Shanele | | Justice |
| 111 | Khadjah | | Miller |
| 112 | Mahogany | | Miller |
| 113 | Samantha | | Muller |
| 114 | Ayanna | | Perks |
| 115 | Laquita | Lashawn | Randolph |
| 116 | Haley | | Roamine |
| 117 | Victoria | | Vana (Jordan) |
| 118 | Tiffany | | Wickman |
| 119 | Shirlee | | Wilhoit |
| 120 | Cherhonda | | Blue |
| 121 | Zachery | | Clearwater |

**EXHIBIT 1**

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 122 | LaShanda | | Collins |
| 123 | Shauntae | | Ellison (Brown) |
| 124 | Takeira | | Holden |
| 125 | Kendra | | Horton |
| 126 | Tamika | | Jackson |
| 127 | Alyssa | | Jernigan |
| 128 | Collean | | Johnson Andrews |
| 129 | Yulonda | | Meridy |
| 130 | Teshana | | Page |
| 131 | Lisa | | Peterson |
| 132 | Patricia | | Pique |
| 133 | Kimberly | | Rawls |
| 134 | LaRoyal | | Rolle |
| 135 | Kierra | | Turientine |
| 136 | Kayla | T. | Washington |
| 137 | Shauna | | Woodard |
| 138 | Remy | Martel | Young |
| 139 | Frances | | Cherie Giles |
| 140 | Angelina | | Cooks (Dye) |
| 141 | Demica | | Dishmond-Zongo |
| 142 | Alicia | | Edwards |
| 143 | Kyona | | Graham |
| 144 | Amanda | | Hilton |
| 145 | Tekoysha | | Howell |
| 146 | Oluwaseyi | | Iheagwam |
| 147 | Nicoria | | Leaks |
| 148 | Courtney | | Lumpkin |
| 149 | Lincy | Alexandra | Miller |
| 150 | Thomas | | Oddo |
| 151 | Dontashia | Nichelle | Smith |
| 152 | Courtney | | Smith |
| 153 | Brittany | | Standifer |
| 154 | Paul | | Strong |
| 155 | Joanna | | Tedder |
| 156 | Shalana | | Thompson |
| 157 | Ayonna | | Thurman |
| 158 | Tashee | Estella | Walters |
| 159 | Tahlor | | Bankston-Hadley |
| 160 | Samitra | | Carroll |
| 161 | Cara | | Floyd |

**EXHIBIT 1**

|     | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|-----|---------------------|----------------------------------|---------------------|
| 162 | Antonio | | Foreman |
| 163 | Jermani | DiAvion | Green |
| 164 | Jennifer | | Hardnett |
| 165 | Curtis | | Hill |
| 166 | Deandra | | Hornesby |
| 167 | Sierra | | Howard |
| 168 | Mary Lee | | Irby |
| 169 | Alicia | | Johnson |
| 170 | Tijami | | King |
| 171 | Jennifer | | Meeks (Jennings) |
| 172 | Jamia | Lacinda | Ragins |
| 173 | Marcus | | Shannon |
| 174 | Hayley | | Smith |
| 175 | Kimberly | | Stanley |
| 176 | Maya | | Thomas |
| 177 | Shameka | | Thomas |
| 178 | Devin | | Walker |
| 179 | Stacey | | Day |
| 180 | Liesha | | Alvarez |
| 181 | Ameka | | Davis |
| 182 | Trisha | | Flournoy (Hammock) |
| 183 | Claudia | | Gentry |
| 184 | Broderick | | Grantling |
| 185 | Shar-Day | J. | Graveley |
| 186 | Terence | | Gray |
| 187 | Bliss | | Harden |
| 188 | Bacari | Javier | Harris |
| 189 | Rusanna | | Hollowell |
| 190 | Jandra | | Hudson |
| 191 | Canyon | | King |
| 192 | Raina | | Lane |
| 193 | Tianna | | McClinton-El |
| 194 | Erica | M. | Moses |
| 195 | Chaundrella | | Palmer |
| 196 | Frank | | Parks |
| 197 | Brandi | Rachell | Patterson |
| 198 | Cal | A. | Roberts |
| 199 | Zaria | | Battle |
| 200 | James | A. | Butler |
| 201 | Tammy | | Carter |

**EXHIBIT 1**

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 202 | Dawn | | Clark |
| 203 | Barbara | | Crawford |
| 204 | Tynisha | | Duhart |
| 205 | Kiana | | Harvey |
| 206 | De'Zhane | Sh'Rai | James |
| 207 | Cassandra | | Jones |
| 208 | Audrey | | Lawson |
| 209 | Courtney | R. | Maxwell |
| 210 | Tionne | | Mclendon |
| 211 | Laquambia | | Nash |
| 212 | Reniesha | | Payne |
| 213 | Dwayne | Maurice | Pennyman |
| 214 | Latia | | Rogers |
| 215 | Aja | Vania | Smart |
| 216 | Lenora | | Spearman (Jones) |
| 217 | Monica | | Streat |
| 218 | Tamberia | | Brezial |
| 219 | Sharron | | Carpenter |
| 220 | Ayla | | Elder |
| 221 | Tanyeka | | Graham-Bell |
| 222 | Manika | | Hall |
| 223 | Raven | D. | Jackson |
| 224 | ShaTracie | | Johnson |
| 225 | Amanda | | Kitchens |
| 226 | Lydia | | Knowles |
| 227 | Shira | Rashun | Lawrence |
| 228 | Russell | | Long |
| 229 | Tori | | Singletary |
| 230 | Robert | | Small |
| 231 | Jason | Antonio | Smith |
| 232 | Amelec | | Soto |
| 233 | Asya | | Walton |
| 234 | Horatio | J. | Williams |
| 235 | Keiwana | S. | Williams |
| 236 | Kiondra | | Anderson |
| 237 | Kimberly | M. | Bolden |
| 238 | Caryn | | Bryant |
| 239 | Gregory | | Clark |
| 240 | Robyn | | Gilbert |
| 241 | Kenya | | Gray-Browner |

**EXHIBIT 1**

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 242 | Gemahl | K. | Griffin |
| 243 | Katreesa | | Harris Wheeler |
| 244 | Andrea | G. | McLendon |
| 245 | DeVona | | Perry |
| 246 | Briell | | Salmond |
| 247 | Jerneko | | Taylor |
| 248 | Connie | Lanier | Walker |
| 249 | Shemeka | S. | Wallace |
| 250 | Lakimberlee | | Crawford |
| 251 | Prenecia | | Allen |
| 252 | LaJuan | | Clay |
| 253 | Ronald | | Garrett |
| 254 | Britney | | Head |
| 255 | Heather | | Hightower |
| 256 | William | | Hulon |
| 257 | Jennifer | | Jones |
| 258 | James | | Keown |
| 259 | Jacquelyn | | LeBlanc |
| 260 | Jonathan | C. | McKellar |
| 261 | Ashley | | Patchen |
| 262 | Mercedez | | Roquemore |
| 263 | Faizah | | Tonth |
| 264 | Jessica | | Chambers |
| 265 | Chelsie | | Holmes |
| 266 | Austin | | Lewis |
| 267 | Ebony | | Williams |
| 268 | Shashawna | | Wyatt |
| 269 | Reshanda | | Rushin |
| 270 | Jace | Russell | Ryals |
| 271 | Dominique | | Jones |
| 272 | Kasia | Denise | Robinson |
| 273 | Lesley | | Thurman |
| 274 | Ebony | Charice | Woolery |
| 275 | Brandi | | King |
| 276 | Destiny | | Dykes |
| 277 | Elizabeth | | Gibson |
| 278 | Kaitlyn | M. | Johnson |
| 279 | Tynaejha | | Johnson |
| 280 | Linda | F. | Keaton |
| 281 | Shenequa | | Smith |

**EXHIBIT 1**

|  | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 282 | Gena | | Tripp |
| 283 | Vincent | | Wright |
| 284 | Meketa | | Deans |
| 285 | Savannah | | Glover |
| 286 | Jessica | | Mason |
| 287 | Donald | J. | Storbeck |
| 288 | Tara | Devi | Lawton |
| 289 | Nigel | | Lindsey |
| 290 | Nyasia | | Watkins |
| 291 | Saquana | | Brooks |
| 292 | Peyton | | Isaac |
| 293 | Denise | | Murphy |
| 294 | Melisa | | Roseme |
| 295 | Sharria | | Towns |
| 296 | Shadai | | Mccaskell |
| 297 | Sheena | | Poole-Flowers |
| 298 | Charbrielle | Lashone | Smith |
| 299 | Maurice | J. | Atkinson |
| 300 | Jennifer | | Barnes (Smith) |
| 301 | Rebecca | | Bingham |
| 302 | Krystal | | Borders |
| 303 | Dylan | | Browning |
| 304 | Ivannah | | Campbell |
| 305 | Choice | | Carter |
| 306 | Cephus | S. | Chapman |
| 307 | Candice | | Collins |
| 308 | Juanita | | Eaddy |
| 309 | Elesia | | Edwards |
| 310 | Heather | Beatrice | Elftman |
| 311 | April | | Fitch-Dixon |
| 312 | Jena | | Williams (Forrester) |
| 313 | Ashley | R. | Foster |
| 314 | Jhamira | | Holmes |
| 315 | Nysheeka | | Hosely |
| 316 | Kamerel | | Kendrick |
| 317 | Tiffany | Marie | Lacy |
| 318 | Zemi | | Lester |
| 319 | Sandra | | Mays |
| 320 | Michael | | McDonald |
| 321 | Michelle | | Moses |

**EXHIBIT 1**

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 322 | Shevis | | Perry |
| 323 | Jennifer | | Ray |
| 324 | Paulanne | | Roberson |
| 325 | Kimberly | | Robinson |
| 326 | Sherry | | Robinson |
| 327 | Sylvia | Ann | Ross |
| 328 | Amanda | | Sanner |
| 329 | Jasmine | | Stewart |
| 330 | Heather | H. | Voiselle |
| 331 | Rodshay | | Watson |
| 332 | Melissa | | Kelley |
| 333 | Jesse | T. | Smith |
| 334 | Herbert | | Ball |
| 335 | Leslie | M. | Brooks |
| 336 | Quinneisha | | Brooks |
| 337 | Stephanie | Renee | Brownlee |
| 338 | Jane | | Bryant |
| 339 | Ataya | Shandral | Colbert |
| 340 | Nala | | Daniel |
| 341 | Jasmine | | Denson |
| 342 | Michelle | | Duncan |
| 343 | Roshanda | | Parrish (also Freeman-Parrish) |
| 344 | Chelsey | | Hoskins |
| 345 | Alonzo | | Howell |
| 346 | Tyronzala | | Ivey |
| 347 | Joe | Thomas | Lee |
| 348 | Destiny | Alesia | Lindsey |
| 349 | Alexia | | Smith |
| 350 | Thomas | Wayne | Sullivan |
| 351 | Douglas | | Taylor |
| 352 | TaKaja | T. | Webb |
| 353 | Brittney | | Werden (Collier) |
| 354 | Deidre | | Wilson |
| 355 | Faith | Nicole | Andrews |
| 356 | Sharon | | Griffin |
| 357 | Cameron | | Hardwick |
| 358 | Carenza | M. | Poole |
| 359 | KeAundria | | Smith |
| 360 | Katrina | | Ashley |
| 361 | Lacasta | | Wimberly |

**EXHIBIT 1**

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 362 | Conkethia | Melissa | Barkley |
| 363 | Brian | | Gray |
| 364 | Tiffany | | Lewis |
| 365 | Akisha | D. | Rolle |
| 366 | Deandra | | Reio |
| 367 | Tamara | | Smith |
| 368 | Arthea | | Watts |
| 369 | Brittany | Danielle | Williams |
| 370 | Tiney | Chanel | Roundtree |
| 371 | Bria | | Grayer |
| 372 | Tyla | | Hoskins |
| 373 | Jakerria | Janae | Pitts |
| 374 | Sandy | | Colbert |
| 375 | Hailey | | Barnhart |
| 376 | Ciera | L. | Chappell |
| 377 | Tara | Michella | Davis |
| 378 | Heidi | | Paulsen |
| 379 | Amber | | Weeks |
| 380 | Chanteria | | Davis |
| 381 | Surarra | | Smith |
| 382 | Alexander | | Wilcox |
| 383 | Samanthia | | Brantley |
| 384 | Adonis | L. | Davis |
| 385 | Crystal | Hope | Fountain |
| 386 | Jasmine | | Lewis |
| 387 | Abigail | | Bialek |
| 388 | James | | Etheridge |
| 389 | Tanaya | C. | Moore |
| 390 | Jonathan | S. | Morrow |
| 391 | Shawana | Cherice | Williams |
| 392 | Sandra | Kelley | McKinnes |
| 393 | Dazha | | Murphy |
| 394 | Alexis | | Stephens |
| 395 | Serena | | DeFore (Cain) |
| 396 | April | | Hebert |
| 397 | Janelle | | Ndonyi |
| 398 | Edythe | | Stevens |
| 399 | Sharene | D. | Wright |
| 400 | Courtney | Renae | Simmons |
| 401 | Garrett | | Williams |

**EXHIBIT 1**

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 402 | Zondrea | | Jones |
| 403 | Ronny | | Eason |
| 404 | Shereka | | Holloway |
| 405 | Debra | | Rose |
| 406 | Tamaria | | Watkins |
| 407 | Cassandra | | Campbell |
| 408 | ToyNishya | | Curry |
| 409 | Manika | | Warren |
| 410 | Felicia | | Earthly |
| 411 | John | A. | Hermanns |
| 412 | Vince | | James |
| 413 | Tiffaney | | Peacock |
| 414 | Sharee | | Anderson |
| 415 | Sharita | | Jenkins |
| 416 | Dante | | Soto |
| 417 | Jaime | L. | Aliotta |
| 418 | Ricardo | | Magana |
| 419 | Quantesha | | McCoy |
| 420 | Marian | S. | Wallace |
| 421 | Niesha | J. | Wimberly |
| 422 | Cynthia | | Anderson |
| 423 | Yvonne | | Eley |
| 424 | Monica | | English-Laster |
| 425 | Robin | | Eugene |
| 426 | Keneshia | M. | Gordon |
| 427 | Ashia | | Ingraham |
| 428 | Rishlene | Meria | Johnson |
| 429 | Sheniece | Shandral | Redding |
| 430 | Jessica | | Welch |
| 431 | Jhalesa | Shantae | Williams |
| 432 | Cherale | | Willis |
| 433 | Courtney | Darnell | Mann |
| 434 | Maribel | | Crespo |
| 435 | Catherine | | Breitenhirt |
| 436 | Ayesha | | Head |
| 437 | Rodney | | Cox |
| 438 | Trelma | | Pleas |
| 439 | Colburn | | Shelton |
| 440 | Jennetta | | White |
| 441 | Raven | | Patterson |

**EXHIBIT 1**

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 442 | Carol | E. | Hollis |
| 443 | Necrissa | | Scott |
| 444 | Amanda | | Macklin |
| 445 | Meghann | | Jones |
| 446 | Michelle | | Brooks |
| 447 | Autumn | | Eady |
| 448 | China | J. | Edgar |
| 449 | Melody | | Hamm |
| 450 | Melony | | Hawthorne |
| 451 | Casey | | Huntsinger |
| 452 | Asia | | Nash |
| 453 | Billie | | O'Britis |
| 454 | Sabrina | | Reeves |
| 455 | Bennishe | | Carlton |
| 456 | Jamon | | Bembry-Marshall |
| 457 | Erica | | Bentley |
| 458 | Tritney | | Coleman |
| 459 | Ja'Lan | | Justice |
| 460 | Roger | C. | Aaron |
| 461 | Tracie | | Cain |
| 462 | Belinda | | Coleman |
| 463 | Tameisha | Nicole | Cross |
| 464 | LaDaria | Chantal | Height-Jones |
| 465 | Brenda | J. | Howard |
| 466 | Sue | Ann | Howard |
| 467 | Amanda | | Moreland |
| 468 | Jazmine | | Plummer |
| 469 | Shashena | | Solomon |
| 470 | Jourdon | N. | Veal |
| 471 | Shanita | | Little |
| 472 | Emily | | Valentine |
| 473 | Adam | | Kenawell |
| 474 | Cheyenne | | Cosby |
| 475 | Nicholas | | Durden |
| 476 | Angelia | | Hoomes |
| 477 | Justin | | Daniels |
| 478 | Courtlynne | | Brown |
| 479 | Janel | | Mathis |
| 480 | Joseph | | Hirsh |
| 481 | Matthew | | Samuels |

**EXHIBIT 1**

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 482 | Jalissa | | Brown |
| 483 | Mequanita | | Battle |
| 484 | Myeshia | | Hardee |
| 485 | Andre | | Bonds |
| 486 | Jayleen | | Brens |
| 487 | Latashia | | Colbert |
| 488 | LaKeita | | Davis |
| 489 | Randy | | Goss |
| 490 | Audrie | Ann | Green |
| 491 | Tanisha | | Green |
| 492 | Samuel | | Hugley III |
| 493 | Allicia | | Huston |
| 494 | Gabriel | | Jackson |
| 495 | Kanei | | Johnson |
| 496 | Tiffany | | Marshall |
| 497 | Aneikque | | Martin |
| 498 | Brianna | | Mathis |
| 499 | Destiny | | Perine |
| 500 | Alexandra | | Richemond |
| 501 | Dalena | | Sondermann |
| 502 | Ya-Kyra | | Spells |
| 503 | Dustin | Kent | White |
| 504 | Alexis | | Whitlock |
| 505 | Courtney | | Wilson |
| 506 | Natassia | | Bennett-Hutchinson |
| 507 | Ashantia | | Brown |
| 508 | Shanice | | Davy |
| 509 | Lamarla | | Fletcher |
| 510 | Naikeisha | | Forde |
| 511 | Tysheka | | Gaffney |
| 512 | Shenita | | Grayer |
| 513 | Keirra | | Haley |
| 514 | Keturah | | Hannah |
| 515 | Keon | | Hogan |
| 516 | Latia | | Johnson |
| 517 | Ricardo | Jose | Lenard Jr. |
| 518 | Amanda | G. | Long |
| 519 | Okeabria | | Mangham |
| 520 | Alexis | | Maples |
| 521 | Charity | | Miller |

EXHIBIT 1

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 522 | Gillian | | Molina |
| 523 | Tobie | | Moon |
| 524 | Uchechukwu | | Onungwa |
| 525 | Cheyenne | | Register |
| 526 | Taylor | | Robinson |
| 527 | Ryan | | Rochford |
| 528 | Natalie | | Smith |
| 529 | Marquita | | Stanley |
| 530 | Chadriuna | | Wright |
| 531 | William | Douglas | Barnes III |
| 532 | Dominique | | Boyd-Miles |
| 533 | Akebba | | Bradshaw |
| 534 | Crystall | | Brown |
| 535 | Sarah | | Brown |
| 536 | Jarmika | | Brown |
| 537 | Anna | | Buchanan |
| 538 | Makiethia | | Carr |
| 539 | Ashley | | Evans |
| 540 | Asia | | Fambro |
| 541 | Crystal | | Gaston |
| 542 | Jasmine | | Hailstock |
| 543 | Jayla | | Harris |
| 544 | Ashley | D. | Hernandez |
| 545 | Stephen | A. | Jackson |
| 546 | Laurie | | Jarmillo |
| 547 | Da'Ja | | Little |
| 548 | Tremaine | | Rhynes |
| 549 | Erica | | Simmons |
| 550 | Justina | | Twitty |
| 551 | Erica | | Vinson |
| 552 | Alexander | C. | Waight |
| 553 | Vincent | | Washington |
| 554 | Demetria | | Williams |
| 555 | Crystal | | Williams-Dawsey |
| 556 | Zachary | | Webb |
| 557 | Sydney | | Atherly |
| 558 | Symauria | | Cole |
| 559 | Shakira | | Coleman |
| 560 | Kimberly | | Davis |
| 561 | LaTorya | | Graham |

**EXHIBIT 1**

|  | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 562 | Breshana | | Harvey |
| 563 | Christopher | William | Hoffman |
| 564 | Taylor | | Howard |
| 565 | Patricia | | Johnson |
| 566 | Alysha | Y. | Jones |
| 567 | Quintionna | | Jones |
| 568 | Aja | | Melzar |
| 569 | Karen | | Mullens |
| 570 | Tavares | J. | Nolton |
| 571 | Tatianna | | Perea |
| 572 | Alexander | | Pijanowki |
| 573 | Tresor | | Smith-Warren |
| 574 | Chavonne | | Tabon |
| 575 | Lashay | | Thomas |
| 576 | Meaghan | | Thorn |
| 577 | Tam'Mesha | | Troutman |
| 578 | Michelle | | Whitlock |
| 579 | Demaria | | Williams |
| 580 | Octavia | | Williams-Jackson |
| 581 | Jameica | | Wilson |
| 582 | Toshiba | | Woolfolk |
| 583 | Skykeria | | Wright |
| 584 | Nykearra | | Brown |
| 585 | Sharvie | C. | Coats |
| 586 | Jalisa | S. | Davis |
| 587 | Keilambria | | Ellis |
| 588 | Carlissa | | George |
| 589 | Brandon | | Hamrysak |
| 590 | Laticia | | Harrison |
| 591 | Eric | | Heming |
| 592 | Leah | | Hinton |
| 593 | Jekayla | | Hutchinson |
| 594 | Shiloh | | Johns |
| 595 | Ja'Nice | A. | Johnson |
| 596 | Kadijah | | Jones |
| 597 | Santoria | | McDowell |
| 598 | Wykia | | McElroy |
| 599 | Courtney | | Miller |
| 600 | Sonya | | Pierce |
| 601 | Michaela | | Reaves |

**EXHIBIT 1**

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 602 | Elaina | | Robinson |
| 603 | Shameika | | Ross |
| 604 | Amber | | Ross |
| 605 | Shamecia | | Simmons |
| 606 | Quanesha | | Stephens |
| 607 | Zaria | | Strobridge |
| 608 | Antionette | | Sweet |
| 609 | Amari | | Taylor |
| 610 | Margeaux | | Thomas |
| 611 | Sydney | | Thompson |
| 612 | Felisha | | Watkins |
| 613 | Kimberly | | Willis |
| 614 | Arica | | Willis |
| 615 | Kimberly | | Wright |
| 616 | Gaylecia | | Baldwin |
| 617 | Raven | | Brand |
| 618 | Katayia | | Brown |
| 619 | Jaliscia | | Burns |
| 620 | Brionna | | Bynum |
| 621 | Kyara | | Chalk |
| 622 | Mya | | Coon |
| 623 | Tunga | | Crudup |
| 624 | Taneshia | | Davis |
| 625 | Shakaria | | Dawson |
| 626 | Skylar | | Dunn |
| 627 | Elizabeth | | Epps |
| 628 | Antonio | | Farms |
| 629 | Joshua | | Firth |
| 630 | Jazmine | | Frazier |
| 631 | Briana | | Henderson |
| 632 | Jelisia | | James |
| 633 | Dominique | | King |
| 634 | Jerkesia | | Meadows |
| 635 | Quincy | | Money |
| 636 | Denisee | | Pettigrew |
| 637 | Megan | | Pirri |
| 638 | Tatyana | H. | Simmonds |
| 639 | Shanika | | Smith |
| 640 | Tiffany | | Solomon |
| 641 | Thomas | | Spencer |

**EXHIBIT 1**

|  | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 642 | Iran | Aracely | Vera |
| 643 | Mikedriana | | Walker |
| 644 | Brandon | | Willis |
| 645 | Kayla | | Wimberly |
| 646 | Roxanne | | Cook |
| 647 | Raven | | Crawford |
| 648 | Donna | | Davis |
| 649 | Becky | Guadalupe | Delgado |
| 650 | Michele | | ErinWilliams |
| 651 | Teresa | | Fields |
| 652 | Nikki | | Gooden |
| 653 | Aisha | | Heard |
| 654 | Tayzere | | Hogan |
| 655 | Shakee | Smith | Huntington |
| 656 | Lindsey | | Jones |
| 657 | Brittani | | Kendrick |
| 658 | Vuntina | | Ketchup |
| 659 | Alexis | | Knight |
| 660 | Katelyn | | Maines |
| 661 | Amber | | Mann |
| 662 | Caylyn | | McCoy |
| 663 | Jasmine | | Moore |
| 664 | Belinda | | Owens |
| 665 | Chelsea | L. | Owens |
| 666 | Paula | Fossett | Platt |
| 667 | LaPorshia | | Rhodes |
| 668 | Tyra | | Sapp |
| 669 | Trainisha | | Smith |
| 670 | Cenitra | | Stevenson |
| 671 | Damiena | | Vance |
| 672 | Brandon | | White |
| 673 | Myia | | Wilder |
| 674 | Chantel | | Williams |
| 675 | Eudine | | Abdola |
| 676 | Jennilee | | Castrovillari |
| 677 | Kaley | | Christy |
| 678 | Euarina | | Clay |
| 679 | Dendree | | Cox |
| 680 | Deshon | | curry |
| 681 | Katanga | | Curry |

EXHIBIT 1

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 682 | Nichole | | Davis |
| 683 | Asia | | Davison |
| 684 | Dominikue | | Devero |
| 685 | Savana | | Dubbert |
| 686 | Aysha | | Farrow |
| 687 | Cathy | | Feliz |
| 688 | Teiarra | | Fondren |
| 689 | Caitie | | Fowler |
| 690 | Tatiyana | | Hall |
| 691 | Makiah | | Jefferson |
| 692 | Bernadette | | Johnson |
| 693 | Shalonda | | Johnson |
| 694 | Asia | | Morgan |
| 695 | Roy | | Morgan |
| 696 | Airielle | | Newton |
| 697 | Alison | | Pardue |
| 698 | Ashley | | Patterson |
| 699 | Monique | | Pearson |
| 700 | Breanna | | Pitts |
| 701 | Christopher | | Reed |
| 702 | Makayia | | Rollins |
| 703 | Lonnie | T. | Sanders |
| 704 | Dmetria | | Scott |
| 705 | Michael | | Smith |
| 706 | Shiketa | | Smith |
| 707 | Demetria | | Tukes |
| 708 | Aquiana | | Waters |
| 709 | Keona | | Adams |
| 710 | Cynthia | | Bonner |
| 711 | Kenbretta | | Brown |
| 712 | Danielle | | Bruntjen |
| 713 | Janyla | | Collins |
| 714 | Jamecia | Nataye | Davis |
| 715 | Helena | | Dinkins |
| 716 | Breanna | | Fossett |
| 717 | Breonna | | Gresham |
| 718 | Diamond | | Hipol |
| 719 | QuaNesha | | Jackson |
| 720 | Jordenn | | Jones |
| 721 | Brandon | | Kilgore |

**EXHIBIT 1**

|  | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 722 | Breanna | | Pedersen (Lane) |
| 723 | DaSzanice | S. | Martin |
| 724 | Charissa | | Oliver |
| 725 | Yiesha | | Passmore |
| 726 | Tymahlya | | Smith |
| 727 | Shaubreca | | Swint |
| 728 | Breona | | Thomas |
| 729 | Ava | | Thompson |
| 730 | Nichole | Barbara | Thompson |
| 731 | Akeysha | | Tripp |
| 732 | Keianna | | Waller |
| 733 | Quantesa | | Watson |
| 734 | Shazaria | | Williams |
| 735 | Kadeja | | Wright |
| 736 | Joseph | | Arnold |
| 737 | Briana | | Bivens |
| 738 | Hanna | | Bragg |
| 739 | Andrea | | Davis |
| 740 | Charlisa | | Dean |
| 741 | Monissa | | Denis |
| 742 | Lila | | Ghaly |
| 743 | Coumba | | Hughley |
| 744 | Kiana | | Jackson |
| 745 | Nekira | M. | Jackson |
| 746 | Schyler | | Johnson |
| 747 | Vanessa | | Jolly |
| 748 | Jivan | | Massey |
| 749 | Jaila | | Mathis |
| 750 | Shanecia | | Merriweather |
| 751 | Deshana | | Reeves |
| 752 | Melissa | | Scarborough |
| 753 | Kristen | A. | Stripling |
| 754 | Julienne | | Talent |
| 755 | Jahla | | Tharpe |
| 756 | Amelia | Douglas | Thomas |
| 757 | Ebony | | Thomas |
| 758 | Teaira | F. | Thompson |
| 759 | Shelley | | Webb |
| 760 | Ashley | | Ansley |
| 761 | Brittany | | Ates |

EXHIBIT 1

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 762 | Tracie | E. | Baker |
| 763 | Porscha | | Barron |
| 764 | Peyton | | Baskerville |
| 765 | Mentor | L. | Berry |
| 766 | Lashondreia | | Bloodworth |
| 767 | Crystal | | Chase |
| 768 | Keyausha | | Dulin |
| 769 | Shauntavia | | Durham |
| 770 | Matthew | | Elburn |
| 771 | Victoria | | Ellison |
| 772 | Jasmine | | Foster |
| 773 | Nya | | Greene |
| 774 | Tyshara | | Harris |
| 775 | Bridgitt | | Knight |
| 776 | Nia | | Lewis |
| 777 | Jalis | | Lewis |
| 778 | Kybriana | | Madison |
| 779 | Cotella | | Mccrorey |
| 780 | Dayja | | Moody |
| 781 | Tiesha | | Moore |
| 782 | Shikera | | Payne |
| 783 | Chailyn | | Rainey |
| 784 | Porschea | | Sims |
| 785 | Kinisha | | Talton |
| 786 | Kali | Rose | Thomas |
| 787 | Stephanie | | Thompson |
| 788 | Iva | | Watkins |
| 789 | DeAshia | | Watson |
| 790 | Nycresia | | Whitaker |
| 791 | Cynteia | | Williams |
| 792 | Shambrika | | Williams |
| 793 | Rachel | | Wilson |
| 794 | Nova | | Blackmon |
| 795 | Lashonda | | Brinkley |
| 796 | Yicureia | | Carswell |
| 797 | Courtney | | Colemond |
| 798 | Shecaniah | | Copeland |
| 799 | Chelsie | | Deese |
| 800 | Jasmine | | Gray |
| 801 | Brianca | | Harden |

**EXHIBIT 1**

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 802 | Margaret | E. | Hatfield |
| 803 | Alicia | | Henton |
| 804 | Sharita | D. | Jenkins |
| 805 | Michelle | Smith | Johnson |
| 806 | Tarhea | | Johnson |
| 807 | Jalia | | Lewis |
| 808 | Dalise | | Linton |
| 809 | Destiney | | McElroy |
| 810 | Larry | | Neal |
| 811 | Morgan | | Nelson |
| 812 | Jessica | | Piro |
| 813 | Danyun | | Respress |
| 814 | Bethany | | Rountree |
| 815 | Raven | | Shannon |
| 816 | LaSharndra | | Slaughter |
| 817 | Hynekia | | Smith |
| 818 | Taylor | | Statham |
| 819 | Akitalynn | | Stephens |
| 820 | Pilar | | Stephens |
| 821 | Keith | | Ulmer |
| 822 | Breanna | | Williams |
| 823 | Katrica | | Adams |
| 824 | Raishun | | Anderson |
| 825 | Zoya | | Ashley |
| 826 | Quentoria | | Barnes |
| 827 | Ralinda | | Cleveland |
| 828 | Misty | Lyn | Coates Hill |
| 829 | Jasmine | | Collins |
| 830 | Jameesha | | Cureton |
| 831 | Emmanuel | | Devereux |
| 832 | Destiny | | Edwards |
| 833 | Jai-Nadja | | Ellington |
| 834 | Jennifer | | Heath |
| 835 | Alexis | | Jackson |
| 836 | Bryana | | Jones |
| 837 | Arkeevia | | Lewis |
| 838 | Jasmine | Nicole | Morten |
| 839 | Kenyatta | | Mumphery |
| 840 | Luz | | Perez |
| 841 | Desmond | | Rawls |

**EXHIBIT 1**

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 842 | Erica | | Sharpe |
| 843 | Consuela | AD | Stanley |
| 844 | Kimari | | Thomas |
| 845 | Raven | | Umoessien |
| 846 | Cassie | | Wilder |
| 847 | Krystle | | Williams |
| 848 | Cheronica | | Wilson |
| 849 | Courtney | | Wright |
| 850 | Shanautica | | Battle |
| 851 | Demeteria | | Brown |
| 852 | Priscilla | | Byse |
| 853 | LaTrice | | Crawford |
| 854 | Laquantise | | Daniels |
| 855 | Ashley | | Daniels |
| 856 | Jasmine | | Dickson |
| 857 | Quatisha | | Engram |
| 858 | Whalen | | George |
| 859 | Rokeisha | | Glover |
| 860 | Jaimi | | Harding |
| 861 | ShaQuayla | | Height |
| 862 | Marianna | | Higgins |
| 863 | Lucy | | Holliman |
| 864 | Lisa | | Johnson |
| 865 | Jaelyn | | Kaigler |
| 866 | Laneisha | | King |
| 867 | Jasmine | | Newton |
| 868 | Jon | | Nieschulz |
| 869 | Chase | | Pack |
| 870 | Je'Nae | S. | Rogers |
| 871 | Summer | | Ross |
| 872 | Lyric | | Simmons |
| 873 | Kacey | | Smith |
| 874 | Johnta | | Still |
| 875 | Taylor | | Stubbs |
| 876 | Ashley | | Svec |
| 877 | Kayla | Jo | Vanausdal |
| 878 | Charles | | Weiser |
| 879 | Gabrielle | | Blount |
| 880 | Jill | | Corso |
| 881 | DaMya | | Davis |

**EXHIBIT 1**

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 882 | Shaneque | | Durden |
| 883 | Bena | | Foster |
| 884 | Tayler | | Glover |
| 885 | Wallicia | | Granville |
| 886 | Savannah | | Greathouse |
| 887 | Taranesha | | Howard |
| 888 | Lanita | | Jackson |
| 889 | Bronay | | Johnson |
| 890 | Anna | | Marshall |
| 891 | James | Evan | McCoy |
| 892 | Duncan | | McGreggor |
| 893 | Shaquinta | | Mitchell |
| 894 | Tatyana | | Moss |
| 895 | Ackeedia | | Patterson |
| 896 | Breauna | | Paul |
| 897 | Tykerria | | Richardson |
| 898 | Cortez | | Riley |
| 899 | Shardasia | | Rockmore |
| 900 | Shykemiyon | | Rumph |
| 901 | Jasmine | | Sams |
| 902 | Yomoni | | Scott |
| 903 | Aisha | | Sweet |
| 904 | Samantha | | VanAken |
| 905 | Lakerria | | Walker |
| 906 | Khadijah | | Waller |
| 907 | Tavia | | Williams |
| 908 | Latricia | | Williams |
| 909 | Charlotte | | Woolfolk (Hollingshed) |
| 910 | Stephanie | | Young |
| 911 | Wynita | | Young |
| 912 | Tyonna | S. | Adams |
| 913 | LaTavia | | Bearden |
| 914 | Tushana | | Benson |
| 915 | Chiantia | | Brown |
| 916 | Angela | | Clark |
| 917 | Patreece | | Clark |
| 918 | Narvis | | Cosby |
| 919 | Jalessa | | Curry |
| 920 | Simone | | Davis |
| 921 | Anna | | Dubbert |

**EXHIBIT 1**

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 922 | Rhudincia | | Ezell |
| 923 | Brittany | | Felder |
| 924 | Michael | W. | Gibbs Jr |
| 925 | Tanisha | | Gilmore |
| 926 | Abbye | | Hoyer-Hernandez |
| 927 | Alana | Blair | Hulsey |
| 928 | Cori | | Kall |
| 929 | Steven | | Kennedy |
| 930 | Clarisse | | Kumenit-Holt |
| 931 | Amanda | | Lindsey |
| 932 | Tatanisha | | McGhee |
| 933 | Tracey | | Newton |
| 934 | Amia | | Oneal |
| 935 | Mya' | | Patmon |
| 936 | Jaquesha | | Phelps |
| 937 | Tramisha | | Rainey |
| 938 | Hannah | Camille | Reavis |
| 939 | Jessica | | Russell |
| 940 | Dontavious | | Scott |
| 941 | Brandi | | Slocumb |
| 942 | Clarrisa | | Thomas |
| 943 | Makita | | Waller |
| 944 | Quanaja | | Watkins |
| 945 | Amaya | | Addie |
| 946 | Stephanie | | Banks |
| 947 | Janae | | Bishop |
| 948 | Brice | | Blocker |
| 949 | Amber | | Boggs |
| 950 | Michelle | | Brown |
| 951 | Heaven | | Clark |
| 952 | Shameika | | Davis |
| 953 | Christie | | Davis |
| 954 | Darrell | | Evans |
| 955 | Emani | | Ferguson |
| 956 | Joshua | | Grafton |
| 957 | Diane | | Hernandez |
| 958 | Sherilyn | | Jackson |
| 959 | Glynece | | Jones |
| 960 | Shykerria | | Lackey |
| 961 | Precious | | Lunsford |

**EXHIBIT 1**

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 962 | Erica | | Michaels |
| 963 | Hannah | | Phillips |
| 964 | Verlanda | | Prather |
| 965 | Sadie | | Quillin |
| 966 | Sonata | | Renfroe |
| 967 | Natoyia | | Royster |
| 968 | Deja | | Sanders |
| 969 | Shanika | | Sands |
| 970 | Marquis | | Taylor |
| 971 | Dominique | | Williams |
| 972 | Megan | | Worton |
| 973 | Corcia | | Wright |
| 974 | Andrew | | Dukes |
| 975 | Natalie | | Scoggins |
| 976 | Jala | | Austin |
| 977 | Quatriel | | Bowser |
| 978 | Amy | | Bullock |
| 979 | Landeria | | Durham |
| 980 | Shekeria | | Grable |
| 981 | Shondrea | | Harris |
| 982 | Mark | S. | Lumpkin |
| 983 | Tinesha | | McDowell |
| 984 | Quatavius | | Offord |
| 985 | Dionne | | Pierce |
| 986 | Riketta | | Robinson |
| 987 | Samencia | | Pipkins (Rogers) |
| 988 | Shakevia | | Rumph |
| 989 | James | | Thomas II |
| 990 | Tinesha | | Turner |
| 991 | Mykaila | | Washington |
| 992 | Kenishia | | West |
| 993 | Velanta | Tremaine | Wilson |
| 994 | Kimani | | Black |
| 995 | Arterria | | Braddy |
| 996 | Keyarica | | Clark |
| 997 | Tyshell | | Coleman |
| 998 | Chauncey | V. | Freeman |
| 999 | Terrell | | Harrell |
| 1000 | Galadriel | | Johnson |
| 1001 | Brandon | | Jordan |

**EXHIBIT 1**

|  | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 1002 | Sara | | Jordan |
| 1003 | Rasheka | | Scott |
| 1004 | Charis | | Shinholster |
| 1005 | Jalessa | | Taylor |
| 1006 | Sherrie | | Tennant |
| 1007 | Monique | | Walden |
| 1008 | La'Creshia | | Williams |
| 1009 | Jalesia | C. | Brown |
| 1010 | Detreza | L. | Dallas |
| 1011 | Kaitlynn | | Hood |
| 1012 | Shaquora | | Jamison |
| 1013 | Trinity | | Johnson |
| 1014 | Contessa | Beadles | King |
| 1015 | De Marco | | King |
| 1016 | Iesha | | Robinson |
| 1017 | Ramecia | | Sledge |
| 1018 | Aseyah | | Walker |
| 1019 | Nicholas | S. | Wootton |
| 1020 | Crystal | | Rowland |
| 1021 | Elizabeth | Morgan | Baker |
| 1022 | Ashli | | Bronner |
| 1023 | Eboni | | Harris |
| 1024 | Chandler | | Hill (Glasgow) |
| 1025 | Kimberly | | Andino (Hobbs) |
| 1026 | Sierra | | Holmes |
| 1027 | Christian | | Hursey |
| 1028 | Velvet | | Jones |
| 1029 | Zabria | | Jordan |
| 1030 | Ashley | | Kent |
| 1031 | Heather | | Long |
| 1032 | Stacy | Reid | Martin |
| 1033 | Addisyn | | Moon |
| 1034 | Issia | | Reid |
| 1035 | Shaquanda | | Roberts |
| 1036 | Kyhia | M. | Ruiz |
| 1037 | Kiamber | | Simmons |
| 1038 | Temerius | | Tuft |
| 1039 | Jasmine | | Waters |
| 1040 | Nyesha | | West |
| 1041 | Rachel | B. | Alley |

|  | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 1042 | Ashley | | Anglin |
| 1043 | Shaterrica | | Bloodworth |
| 1044 | Jovita | | Calnick |
| 1045 | Farrah | | Cole |
| 1046 | Elasia | | Enoch |
| 1047 | Latrice | P. | Hogue |
| 1048 | Karliya | | Holsey |
| 1049 | Karen | | Ivey |
| 1050 | Jennifer | | King |
| 1051 | Jessica Raquel | S. | Little |
| 1052 | Breanna | | Mccray |
| 1053 | Juan | | Molina |
| 1054 | Whitney | | Rider |
| 1055 | Jennifer | | Ruffin |
| 1056 | Jakira | | Sams |
| 1057 | Shemekia | | Scott |
| 1058 | Alexis | | Smith |
| 1059 | Courtney | | Thomas |
| 1060 | Brittany | | Allen |
| 1061 | Victoria | | Chatfield |
| 1062 | Mariah | | Daniels |
| 1063 | Sekelia | | Davis |
| 1064 | Dukreisha | | Evans |
| 1065 | Kodie | | Gibby |
| 1066 | Je'Quavia | | Hickey |
| 1067 | Lyndsey | | Hood |
| 1068 | Shalaja | | Huff |
| 1069 | Briana | | Jackson |
| 1070 | Taylor | | Jeffcoat-Rose |
| 1071 | Andrew | | Mathis |
| 1072 | Regina | | McDuffie |
| 1073 | Christina | | Poole |
| 1074 | Nechell | | Rawles |
| 1075 | Dequazia | | Richardson |
| 1076 | Heather | | Sanders |
| 1077 | Laurie | | Sempier |
| 1078 | Yanna | | Simmons |
| 1079 | Cassandra | | Thomas |
| 1080 | Adaisha | | Walker |
| 1081 | Jordan | | Waller |

**EXHIBIT 1**

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 1082 | Syreeka | | White |
| 1083 | Addarious | | Brown |
| 1084 | GTeah | | Dinkins |
| 1085 | Candice | | Harned |
| 1086 | Shadiamon | | Lucas |
| 1087 | Kendra | | Mills |
| 1088 | Eyana | | Troup |
| 1089 | Kendra | | Washington |
| 1090 | Shamika | | Wright |
| 1091 | Niya | | Adams |
| 1092 | Sherrie | | Cochran |
| 1093 | Jonas | | Dobkins |
| 1094 | Megan | | Douglas |
| 1095 | Breyona | | Geiger |
| 1096 | Katrice | | Gonder |
| 1097 | Teresa | Ann | Goodwin |
| 1098 | Aaron | | Harris |
| 1099 | Jordon | | McLeod |
| 1100 | Amelia | | Reilly |
| 1101 | Brianna | | Robinson |
| 1102 | Monica | | Smith |
| 1103 | Jakeia | | Thompson |
| 1104 | Jacie | | Babb |
| 1105 | Samuel | Lewis | Blackstone |
| 1106 | Joseph | M. | Blake III |
| 1107 | Ashley | | Bundrick |
| 1108 | Danielle | | Castro |
| 1109 | Altovise | | Driskell |
| 1110 | Lucrista | | Edwards |
| 1111 | Diana | | Franklin |
| 1112 | Danielle | | Franks |
| 1113 | Janie | L. | Garner |
| 1114 | Brandy | | Gregg |
| 1115 | Tajuana | | Griswold |
| 1116 | Jhannin | | Harvey |
| 1117 | Brandy | | Hayes |
| 1118 | Juan | Ann | Hernandez |
| 1119 | Heather | | Herrin |
| 1120 | Jessica | | Johnson |
| 1121 | Adney | | Keel |

**EXHIBIT 1**

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 1122 | Jennifer | | Lapina |
| 1123 | Tyra | | McClendon |
| 1124 | Emily | | McDonald |
| 1125 | D'Anna | | Merriam |
| 1126 | Colline | | Olsen |
| 1127 | Jarvis | | Orange |
| 1128 | Terincia | | Person |
| 1129 | Victoria | | Pinkney |
| 1130 | Deborah | Lyles | Rochford |
| 1131 | Dylan | | Rovinsky |
| 1132 | Gwendolyn | | Sealey |
| 1133 | Wendy | | Thomas |
| 1134 | Jesse | Samuel | Urbina |
| 1135 | Amanda | R. | Vaughn |
| 1136 | Julie | | Wells |
| 1137 | Quanta | | Woodford |
| 1138 | Yolanda | | Dennis-Freeman |
| 1139 | Sakeira | | Harding |
| 1140 | Autumn | | Johnson |
| 1141 | Jaden | | Lary |
| 1142 | Tijuana | Jones | Stubbs |
| 1143 | Brittany | Marie | Towles |
| 1144 | Pakisha | | Walker |
| 1145 | Tiffany | | Adams |
| 1146 | Natasha | | Daniel |
| 1147 | Keshun | | McLendon |
| 1148 | Frances | | Moore |
| 1149 | Lakesha | | Nesbitt |
| 1150 | Campbell | | NeSmith |
| 1151 | Brianna | | Price (Hudgens) |
| 1152 | Cierra | | Spearman |
| 1153 | Deborah | | Andrews |
| 1154 | Shikera | | Askew |
| 1155 | Ellie | | Bohannon |
| 1156 | Bianca | | Brown |
| 1157 | Tennille | | Burns |
| 1158 | Somalia | | Burton |
| 1159 | Amanda | | Bussell |
| 1160 | Philip | B. | Clayton |
| 1161 | Ortilia | | Fordham |

EXHIBIT 1

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 1162 | William | | Gilmore |
| 1163 | Kasey | | Harmon |
| 1164 | Makayla | | Hill |
| 1165 | Nikya | | Jackson |
| 1166 | Patrice | | Jackson |
| 1167 | Kenyetta | | Lewis |
| 1168 | Christelle | M. | Mahoney |
| 1169 | Alison | | Moncrief |
| 1170 | Courtney | M. | Norris |
| 1171 | Mahogany | | Riggins |
| 1172 | Wanda | Fay | Scott |
| 1173 | Danesha | | Tolbert |
| 1174 | Ondrea | | Curry |
| 1175 | Mekiva | | Dean-Little |
| 1176 | Erica | | DeBerry |
| 1177 | Lakeisha | | Eleby |
| 1178 | Sharas | D. | Glover |
| 1179 | Corey | L. | Goss Jr |
| 1180 | Jermekia | | Harris |
| 1181 | Shandrea | | Hunter |
| 1182 | Amanda | | Keeler |
| 1183 | Calnekia | | Lowe |
| 1184 | Robyn | | Perez |
| 1185 | Shani | | Person |
| 1186 | Monica | Michele | Baughman |
| 1187 | Deborah | | Beckler |
| 1188 | Khadijah | | Bell |
| 1189 | Tobias | | Calhoun |
| 1190 | LaTonya | | Carson |
| 1191 | Shaquiez | | Davis |
| 1192 | Jared | | Dickhoff |
| 1193 | Anna | | Ghaly |
| 1194 | Sukhjeet | Kent | Hans |
| 1195 | Me'Kal | | Harris |
| 1196 | Tangela | | Harris |
| 1197 | Kianna | | Hurst |
| 1198 | Kristie | | Kalmbach |
| 1199 | Melinda | | Lamar |
| 1200 | Tonya | | Lamar |
| 1201 | Amber | | LeBrescu |

**EXHIBIT 1**

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 1202 | Shelby | L. | Mason |
| 1203 | Stephanie | | Maxwell |
| 1204 | James | Austin | Mckellar |
| 1205 | Shanequa | | Milner |
| 1206 | Toni | | Moore |
| 1207 | Shanquonette | | Nesbitt-Davis |
| 1208 | Antwon | Lamar | Norwood |
| 1209 | Daiana | | Roman |
| 1210 | Kyle | L. | Smith |
| 1211 | Shamari | | Valentine |
| 1212 | Titiana | | Veal |
| 1213 | Cintia | | Williams |
| 1214 | Ashley | | Wright |
| 1215 | Miranda | | Wright |
| 1216 | Jacqueline | | Akins |
| 1217 | Miah | | Edwards |
| 1218 | Artishea | | Ingram |
| 1219 | Jaleeceya | | Myrick |
| 1220 | Cristen | | Sayles |
| 1221 | Javonda | | Skinner |
| 1222 | Dan | | Valdivia |
| 1223 | Katheryn | | Clance |
| 1224 | Chalicia | | Daniels |
| 1225 | Monica | L. | Dean Durham |
| 1226 | Khristian | | Devereux |
| 1227 | Harley | | Griffis |
| 1228 | Kendra | D. | Hathaway |
| 1229 | Tiana | | Knowles |
| 1230 | Veronica | | Smith |
| 1231 | Lakisha | | Angry |
| 1232 | Jessica | | Bozeman |
| 1233 | Jasmine | | Daniels |
| 1234 | April | M. | Ellis |
| 1235 | Shanna | | Hutchinson |
| 1236 | Yolonda | | Johnson |
| 1237 | Carroll | D. | Johnson |
| 1238 | Brianna | | Miller |
| 1239 | Briana | | Patrick |
| 1240 | Diamond | | Ridley |
| 1241 | Malia | | Sandgren |

**EXHIBIT 1**

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 1242 | Dequentez | | Strong |
| 1243 | Zana | | Sturkey |
| 1244 | Niajah | | Thomas |
| 1245 | Shaneada | | Walton |
| 1246 | Christopher | | Wilson |
| 1247 | Nayshon | | Woods |
| 1248 | J'Amalia | | Alexander |
| 1249 | Karen | | Baxter |
| 1250 | Paige | D. | Brown |
| 1251 | Ollie | | Cassidy |
| 1252 | Latricia | | Christopher |
| 1253 | Karl | | Fields |
| 1254 | Shanyota | | Greene |
| 1255 | Jaunice | | Hygh |
| 1256 | Lorrie | | Kemp |
| 1257 | Shonda | | Ray |
| 1258 | DeLexia | | Walker |
| 1259 | Tommie | | Wellons |
| 1260 | Jessica | | Whatley |
| 1261 | Yashunna | | Fields |
| 1262 | Veronica | | Mathews |
| 1263 | Andrea | | Matthews |
| 1264 | Gage | | Saltz |
| 1265 | Savannah | | Kendrick |
| 1266 | Diera | | Rouse |
| 1267 | Demetrice | D. | Waller |
| 1268 | Olivia | | Simon |
| 1269 | Caitlin | | Martinez-Lee (Valle) |
| 1270 | Alexandria | | World |
| 1271 | Stephanie | | Hall |
| 1272 | Tiameka | | Steele |
| 1273 | Kierra | | Wright |
| 1274 | Shonte | N. | Green |
| 1275 | Brittany | | Mathews |
| 1276 | Ashley | Krisada | McCrary |
| 1277 | Zarinah | | Muhammad |
| 1278 | Arlen | Zane | Pritchett |
| 1279 | Jessica | | Sanders |
| 1280 | Malcom | | Taylor |
| 1281 | Keonia | | Thornton |

**EXHIBIT 1**

|  | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 1282 | Jessica | | Tittle |
| 1283 | Khi'Yah | | Graham |
| 1284 | Janea | | Horton |
| 1285 | Katina | | Jones |
| 1286 | Anthony | | Lillie |
| 1287 | Erika | | Mathis |
| 1288 | QuenKeria | | Milton |
| 1289 | Makayla | | Odaine |
| 1290 | Potia | | Barkley |
| 1291 | Keyosha | | Moore |
| 1292 | Tavares | MaSha | Stewart |
| 1293 | Bridget | | Walker |
| 1294 | Iris | | Baker |
| 1295 | Deona | | Irby |
| 1296 | Karesa | | Pettis-Berry |
| 1297 | Kaitlyn | | Porter |
| 1298 | Deidra | | Bartley |
| 1299 | Shandreia | | Barnes |
| 1300 | Georgia | A. | Boyd |
| 1301 | Phylicia | Wimberly | Burke |
| 1302 | Ashley | | Carter |
| 1303 | Torina | | Collins |
| 1304 | Faith | | Engle |
| 1305 | Robert | L. | Jackson Sr. |
| 1306 | Akira | L. | Jones |
| 1307 | David | Allen | Kemp |
| 1308 | Jasmine | | Mays |
| 1309 | Rita | | Moan |
| 1310 | Melissa | Duncan | Moye |
| 1311 | Lisa | | Rodgers |
| 1312 | Jean | Ronald | Simeus |
| 1313 | Sara | Lynn | Zamaftas |
| 1314 | Michelle | | Coley |
| 1315 | Jalynn | | Eason |
| 1316 | Tashauna | | Krouse |
| 1317 | Chelsey | | Leary |
| 1318 | Malik | | Buckle |
| 1319 | Susan | | Collins |
| 1320 | Christopher | | Conner |
| 1321 | Keyatta | | Crittenden |

**EXHIBIT 1**

|  | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 1322 | Shanekia | | Felton |
| 1323 | Damian | | Fowler |
| 1324 | Kira | | Gaver |
| 1325 | Tonya | Lavette | Howard |
| 1326 | Brittany | | Jones |
| 1327 | Jack | | Larkin Jr. |
| 1328 | Larissa | | Liggins |
| 1329 | Taneshia | | Riggins |
| 1330 | Summer | Darden | Saffold |
| 1331 | Kira | | Simmons |
| 1332 | Jacob | A. | Smith |
| 1333 | Brandy | | Wyatt |
| 1334 | Ambresha | | Adams |
| 1335 | Katarina | Rose | Fabela |
| 1336 | Shenetha | | Johnson |
| 1337 | Kenosha | | Phillips |
| 1338 | Abigail | | Johnson (Dean) |
| 1339 | Jennifer | | Prater |
| 1340 | Donis | | Russell |
| 1341 | Brianna | | Torbert |
| 1342 | Tonya | | Emerson |
| 1343 | Danielle | E. | Simmons |
| 1344 | MacKinzey | | Davis |
| 1345 | Porsha | | Ekuban |
| 1346 | Melissa | A. | Proffitt |
| 1347 | Timothy | | Chan |
| 1348 | Andrew | | Duncan |
| 1349 | Nathaniel | J. | Gibby |
| 1350 | SaCourtney | | Oliver |
| 1351 | Sharita | | Patterson |
| 1352 | LaShawndra | D. | Perry |
| 1353 | Vickie | | Ross |
| 1354 | Nancy | | Beasley |
| 1355 | Kimberly | | Davis |
| 1356 | Sakethia | | Regular |
| 1357 | Aneesa | | Nelson |
| 1358 | Jeralynn | | Rouse |
| 1359 | Jamekia | | Jones |
| 1360 | Quinetta | | Harvey |
| 1361 | Tabias | | Roberts |

**EXHIBIT 1**

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 1362 | Jamii | Jemise | Wesley |
| 1363 | Tina | M. | Mimbs |
| 1364 | Elesa | | Ates |
| 1365 | Devin | | Garner |
| 1366 | Lacy | | Joyner |
| 1367 | Joshua | | Rigdon |
| 1368 | Dekitra | R. | Singletary |
| 1369 | Ashley | | Ancrum |
| 1370 | Marteseia | | Curry |
| 1371 | Chelsea | | Darrisaw |
| 1372 | Christina | | Stanton |
| 1373 | Felicia | | Brown |
| 1374 | Crystal | | Hooks |
| 1375 | Debra | | Kind |
| 1376 | Brittany | | Shine |
| 1377 | Emily | | Benton |
| 1378 | Daila | | Cherry |
| 1379 | Keziah | | Davis |
| 1380 | Marshalette | | Freeman |
| 1381 | JaQuavius | | Grayer |
| 1382 | Brionna | | Harris |
| 1383 | PsyNia | | Jefferson |
| 1384 | Marquita | | Johnson |
| 1385 | Sarah | | Jones |
| 1386 | Angela | | Taylor |
| 1387 | Melissa | | Tereschenko |
| 1388 | Jouael | | Anderson |
| 1389 | Pamela | A. | Billingslea |
| 1390 | Jhamarcus | | Blackshear |
| 1391 | Leana | | Blash |
| 1392 | Dominique | | Brown |
| 1393 | Phyllis | | Brown |
| 1394 | Shaniyah | | Brown |
| 1395 | Tyla | | Canady |
| 1396 | JeTaime | | Chambers |
| 1397 | Lonna | | Colon |
| 1398 | Jalisa | | Coombs |
| 1399 | Heather | | Cundiff |
| 1400 | Kelley | | Daniels |
| 1401 | Lavosha | | Davis |

**EXHIBIT 1**

|  | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 1402 | Champryona | | Evans |
| 1403 | Kennedi | | Ferguson |
| 1404 | Sadejah | | Gartrell |
| 1405 | Hannah | | Golden |
| 1406 | David | J. | Griffin |
| 1407 | Lisa | Renee | Hargett |
| 1408 | India | | Harper |
| 1409 | Cherie | | Hart |
| 1410 | Kiara | | Hicks |
| 1411 | Shontez | | Hill |
| 1412 | Quavesha | | Jackson |
| 1413 | Monica | | James |
| 1414 | Latesha | | Jones |
| 1415 | Shakara | | Jones |
| 1416 | Kenya | Latrice | Jordan |
| 1417 | Laleh | | Kovac |
| 1418 | Fantasia | | Kreps |
| 1419 | Ashlee | Rae | Lafferty |
| 1420 | Tyler | | Mason |
| 1421 | L'Airnece | | Mathews |
| 1422 | Raven | | Mathis |
| 1423 | Shuntae | | Milligan |
| 1424 | Destiny | | Pallord |
| 1425 | Diahna | | Patterson |
| 1426 | Ronnie | | Person, Jr. |
| 1427 | Deborah | | Pettinato |
| 1428 | Shameka | | Smith |
| 1429 | Kenya | | Sullivan |
| 1430 | Amber | D. | Terry |
| 1431 | Jarnecia | | Thomas |
| 1432 | Shakira | | Walker |
| 1433 | Janiese | | Williams |
| 1434 | Jasmine | | Williams |
| 1435 | Miesha | | Williams |
| 1436 | Madison | | Wilson |
| 1437 | Jessica | | Yowell |
| 1438 | Daniel | A. | Bohn |
| 1439 | Jessica | | Lewis |
| 1440 | Nicki | | Myrick |
| 1441 | Tameshia | | Bell |

**EXHIBIT 1**

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 1442 | Abigail | S. | Bussey |
| 1443 | Mario | | Hill |
| 1444 | Ashlyn | | Anderson |
| 1445 | Shalia | | Brooks |
| 1446 | Destiny | D. | Evans |
| 1447 | Shayla | | Freeman |
| 1448 | Cherrelle | | Holland |
| 1449 | Sherrod | | Hollingshed |
| 1450 | Tonya | | McNeill |
| 1451 | Kiah | | Morris |
| 1452 | Salena | | Norman |
| 1453 | Mandy | | Olheiser |
| 1454 | Fredrick | D. | Parker |
| 1455 | Jennifer | | Scott |
| 1456 | Michayla | | Torres (Deane) |
| 1457 | Norma | Sherrie | Vinson |
| 1458 | Diane | | Wilchinski |
| 1459 | Nichole | | Williams |
| 1460 | Bryttani | | Wilson |
| 1461 | Le'Tecia | | Davis |
| 1462 | Paige | E. | Hammele |
| 1463 | Regina | B. | Robinson |
| 1464 | Tanasia | | Snider |
| 1465 | Christopher | A. | Chaney |
| 1466 | Tshaka | | Jackson |
| 1467 | Michelle | | Phelps |
| 1468 | Keyandrea | | Guyton |
| 1469 | Kimberly | | Campbell |
| 1470 | Maja | | Collier |
| 1471 | Sandra | | Wright |
| 1472 | Christopher | | Shampo |
| 1473 | Kenneth | | Erdman |
| 1474 | Chandrea | | Clarington |
| 1475 | Ashley | | Davis |
| 1476 | Sarah | | Jackson |
| 1477 | Desha | | Rozier |
| 1478 | Raegan | | Bass |
| 1479 | Mia | | Boone |
| 1480 | Jalen | | Carswell |
| 1481 | India | | Chappell |

**EXHIBIT 1**

| | Plaintiff First Name | Plaintiff Middle Name or Initial | Plaintiff Last Name |
|---|---|---|---|
| 1482 | Jacob | | Clonts |
| 1483 | Jasmine | | Burnett |
| 1484 | Ajacia | | Davis |
| 1485 | Tyresha | | Dixon |
| 1486 | LeAnn | | Eidson |
| 1487 | Ashala | | Calloway |
| 1488 | Amaya | | Durham |
| 1489 | Christopher | | Rice |

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **CHERALE WILLIS, SANDY COLBERT, TIFFANEY PEACOCK, CARAL TAYLOR, and AMALIA BENVENUTTI,** *et al.***,** | |
| *Plaintiffs*, | |
| v. | Case No. 5:23-CV-00430 |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,** *et al.***.** | |
| *Defendants*. | |

| | |
|---|---|
| **CHRIS RICE,** *et al.***,** | |
| *Plaintiffs*, | |
| v. | Case No. 5:23-CV-00414 |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,** | |
| *Defendant*. | |

## [PROPOSED] FINAL ORDER AND FINAL JUDGMENT

Before the Court is the Joint Motion To Approve Settlement Agreement And Dismiss With Prejudice The Named Plaintiffs' And Opt-In Plaintiffs' Claims (the "Motion"), submitted by Plaintiffs Cherale Willis, Sandy Colbert, Tiffaney Peacock, Caral Taylor, Amalia Benvenutti, and Christopher Rice (the "Named Plaintiffs"), individually, and on behalf of all other allegedly similarly situated individuals who consented to participate in the Lawsuits, not including the Named Plaintiffs, and whose claims have not been dismissed ("the Opt-in Plaintiffs"), referenced

1

herein pursuant to 29 U.S.C. § 216(b), and Defendants Government Employee Insurance Company and GEICO General Insurance Company (collectively, "GEICO" or "Defendants") (collectively, the Named Plaintiffs and GEICO are referred to herein as the "Parties"), by and through their respective counsel of record, which presents a Settlement Agreement, Release, and Waiver (the "Agreement") to the Court for its approval.  The Court has duly considered all of the submissions presented with respect to the Agreement.[1]  After considering these submissions, the Motion is **GRANTED** and the Court **ORDERS** as follows:

1.      The Named Plaintiffs and the Opt-In Plaintiffs, (collectively, the "Plaintiffs") identified in Exhibit 1 to the Agreement, are subject to and bound to the terms of the Agreement and this Order.

2.      There is a *bona fide* dispute between the Parties as to GEICO's liability under the FLSA.  The Agreement, including all terms and conditions set forth within, which was attached as Exhibit 1 to the Motion, is fair, reasonable, adequate, and is in the best interests of the Plaintiffs. The Agreement is hereby approved based on the benefits to the Plaintiffs, the substantial discovery and litigation conducted by Plaintiffs' Counsel prior to the proposed Settlement, and the complexity, expense, risks and probable protracted duration of further litigation.

3.      The Court finds that the Agreement was a result of arms' length negotiations conducted in good faith by experienced counsel for the Parties, that the Agreement is supported by the Named Plaintiffs, and that the Fees and Costs payable to Plaintiffs' Counsel were negotiated separate and apart from any amounts to be paid to the Plaintiffs.

---

[1] All capitalized terms in this Order with respect to the Agreement that are not otherwise defined have the same meaning as in the Agreement.

2

4.      The Court approves ILYM Group, Inc., to serve as Settlement Administrator and administer the Settlement pursuant to the terms, conditions, and instructions set forth in the Agreement.

5.      A collective action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 216(b) is certified for settlement purposes both in the matters captioned *Willis, et al. v. GEICO, et al.*, No. 23-CV-00430 (M.D. Ga.) and *Rice, et al. v. GEICO*, No. 23-CV-00414 (M.D. Ga.). Because this case has been settled at this stage of the proceedings, the Court does not reach and makes no ruling either way, as to the validity of final § 216(b) certification of this collective action for litigation purposes.  All Plaintiffs and Opt-In Plaintiffs are bound by this final judgment.

6.      The Court approves the Agreement and approves distribution of the Gross Settlement Fund as set forth in the Parties' Agreement, including the Fees and Costs Payable to Plaintiffs' Counsel.

7.      The Lawsuits are hereby dismissed in their entirety, on the merits, as against GEICO, and without costs to any party, except to the extent otherwise expressly provided in the Agreement.  The Named Plaintiffs and the Opt-In Plaintiffs, on behalf of themselves, and each of their heirs, representatives, successors, assigns, agents, and attorneys, are deemed to fully and finally release and forever discharge the Released Parties from any and all suits, actions, causes of action, demands, or claims asserted in any of the Lawsuits, or that could have been asserted in the Lawsuits, through the Effective Date of the Settlement, including but not limited to any and all claims for alleged unpaid overtime, regular, straight-time, or minimum wages; retaliation related to any complaint regarding participation in the Lawsuits that could have been asserted in any of the Lawsuits; failure to provide compliant meal and/or rest breaks; failure to pay meal and/or rest period compensation; failure to maintain required business records; failure to provide accurate or

complete itemized wage statements; failure to compensate for all time worked; failure to properly calculate compensable time worked or the regular rate of pay; waiting time penalties; failure to pay all wages due in a timely manner, including wages owed upon termination of employment; contributions to any 401(k) or other retirement or employee benefit plan based on payments made by reason of the Agreement; liquidated or multiple damages, penalties, restitution, interest, attorneys' fees or costs, declaratory relief, equitable relief, or injunctive relief for any such claims. Nothing in this provision releases any claims that cannot be released as a matter of law (such as the Employee Retirement Income Security Act, worker's compensation, etc.), but this paragraph will be given the broadest possible interpretation allowable by law.

8.    The Named Plaintiffs and the Opt-In Plaintiffs shall be permanently barred and enjoined from commencing, prosecuting, or otherwise maintaining in any court or forum any action against the Released Parties arising from or relating to any of the Released Claims from March 1, 2020, from the date of three years prior to the filing of their written consent to become a party plaintiff to the Lawsuits pursuant to 29 U.S.C. § 216(b), or from the date of the filing of a complaint for a Named Plaintiff, whichever date is earlier, through the Effective Date.

9.    Pursuant to the terms and conditions of the Agreement, the Parties are to take all necessary and appropriate steps to establish the means necessary to implement the terms of the Agreement.

10.    This Approval Order constitutes a Final Order within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

11.    Without affecting the finality of this Approval Order, this Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation and enforcement of the Agreement.

DONE AND ORDERED this the _____ day of _____, 2025.


_____
U.S. DISTRICT COURT JUDGE

EXHIBIT 3

***Benvenutti, et al. v. GEICO General Ins. Co., et al.***
***Case No. 22-CV-00182 (M.D. Ga.)***

***Willis, et al. v. Government Employee Insurance Company, et al.***
***Case No. 23-CV-00430 (M.D. Ga.)***

***Rice, et al. v. Government Employee Insurance Company,***
***Case No. 23-CV-00414 (M.D. Ga.)***

# GENERAL RELEASE

As a condition of receiving a General Release Payment under the Settlement Agreement, you hereby agree to this General Release on behalf of yourself and your heirs, representatives, successors, and assigns (collectively, "***You***").

The purpose of this General Release is for You to release and waive all legal claims You may have against Government Employee Insurance Company and GEICO General Insurance Company (collectively, "***GEICO***") including its current and former parents, related or affiliated companies, subsidiaries, predecessors, successors, and/or divisions and each of their benefit plans, plan fiduciaries and/or administrators, shareholders, present and former officers, directors, employees, agents, attorneys, representatives, insurers, successors, and/or assigns (the "***Released Parties***").

I.    **Release.**  In exchange for the consideration of your General Release Payment, You fully and finally release and forever discharge all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or unasserted, against the Released Parties, whether in tort, contract, or for violation of any state, local, or federal statute, rule, or regulation through the Effective Date of the Settlement with the sole exception of any claims which cannot be released as a matter of law (the "***General Release***").  The General Release includes any unknown claims You do not know or suspect to exist in Your favor as of the Effective Date, which, if known by You, might have affected Your settlement with, and release of, the Released Parties or might have affected Your decision to agree to this Settlement or the General Release. For avoidance of doubt, by agreeing to this General Release, You agree to fully and finally release, without limitation, any and all claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and any other state, county, or local laws, statutes, regulations, ordinances, or wage orders for alleged unpaid overtime, regular, straight-time, or minimum wages; failure to provide compliant meal and/or rest breaks; failure to pay meal and/or rest period compensation; failure to maintain required business records; failure to provide accurate or complete itemized wage statements; failure to compensate for all time worked; failure to properly calculate compensable time worked or the regular rate of pay; waiting time penalties; failure to pay all wages due in a timely manner, including upon employment termination; and contributions to any 401(k) or other retirement or employee benefit plan based on payments made by reason of the Settlement Agreement or this General Release. Nothing in this provision releases any claims that cannot be released as a matter of law, but this paragraph will be given the broadest possible interpretation allowable by law.  The

General Release also includes any known or unknown claims covered by any suit, class action, collective action, administrative claim, or other claim of any sort or nature whatsoever against the Released Parties, for the time periods specified in the Settlement Agreement.

**II.** **Release Exclusions.** This General Release excludes any claims arising out of incidents that occur after You sign this General Release or any claims this General Release cannot waive as a matter of law, such as any claims to workers' compensation or unemployment benefits, including any whistleblower protections, or any right you might have to file a charge with or participate in an investigation conducted by the U.S. Equal Employment Opportunity Commission (the "**EEOC**"), the National Labor Relations Board (the "**NLRB**"), or similar agency, but You agree to forfeit any monetary recovery or other relief should the EEOC, NLRB, or any other agency pursue claims on Your behalf. Nothing in this General Release limits Your right to provide information, assist or participate in any investigation, proceeding, or litigation concerning any administrative claim with any government agency under any law that protects such rights or to file such a claim. However, You agree to give up any money or other personal benefit, directly from GEICO and/or the Released Parties, from any such claim or litigation arising out of any incident that occurred prior to the date You sign this General Release, except if prohibited by law.

**III.** **Approval By The Court.** In the event that the Court denies Your request for a General Release Payment, this General Release will be void and You shall only release claims pursuant to Section D(b)(iii) of the Settlement Agreement that are approved by the Court, and that the terms of Section D(k) of the Settlement Agreement shall apply with respect to all claims not covered by Section D(b)(iii) of the Settlement Agreement.

**IV.** **Covenant Not to Sue.** As further inducement to GEICO and/or the Released Parties to enter into this Agreement, and as a material condition thereof, You promise, warrant, and covenant on behalf of Yourself and your heirs, representatives, successors, assigns, and attorneys, not to sue any of the Released Parties in any forum for any claims covered by this General Release to the fullest extent allowed by law.

**V.** **Tax Treatment.** GEICO will issue an Internal Revenue Service Form 1099 to You for the General Release Payment. You agree to indemnify GEICO and/or the Released Parties for any unpaid taxes, penalties, interest, attorney fees or costs concerning the tax treatment of any pay/benefits to you under the Settlement Agreement and this General Release that are determined by the relevant authorities to be your responsibility.

**VI.** **No Admission.** Nothing concerning this General Release is an admission of any liability or the merits of any claim.

**VII.** **Non-Disparagement.** You will not directly or indirectly make or publish any statements that are defamatory or maliciously false about GEICO and/or the Released Parties. Nothing in this section interferes with Your claims or rights in this General Release's Release Exclusions section.

**VIII.**  **Drafting.**  This General Release will be interpreted as a whole, without regard to its drafter, using its fair meaning.

**IX.**  **Applicable Law.**  Where not superseded by federal law, this General Release will be interpreted under the laws of Maryland.

**X.**  **Enforceability.**  A court that finds any part of this General Release to be unenforceable should modify that part the minimal amount to be enforceable.  A court that finds any such part incapable of being so modified should sever it and enforce the rest of the General Release.  A party's decision not to enforce the General Release is not a waiver of any future violation.

**XI.**  **Entire Agreement.**  In addition to the Settlement Agreement entered into by the Parties, this General Release is the complete understanding between You and GEICO and/or the Released Parties; it replaces any other written or oral agreements, representations or promises, except as it specifically provides otherwise; and it can be changed only by a jointly signed document which specifically references it.

**XII.**  **Confidentiality.**  You agree to keep all terms of the Settlement Agreement confidential prior to the public court docket filing of a motion for the Court's approval of this Settlement entered in connection with the *Benvenutti*, *Willis*, and *Rice* litigation.

**XIII.**  **Other Representations.**  You agree:

☑    You were advised in writing, by this General Release, to consult with an attorney before signing below; and

☑    You are signing this General Release knowingly and voluntarily.

| | |
|---|---|
| _____  12/20/2025 | Signed by: *Christopher B. Trumpower* <br> December 19, 2025 <br> AE3C7C1026D042D... |
| Signature          Date | Signature          Date |
| Name: Sandy colbert | Name: Christopher B Trumpower |
| | Title: Director and Assistant GC, Corporate Litigation |

***Benvenutti, et al. v. GEICO General Ins. Co., et al.***
***Case No. 22-CV-00182 (M.D. Ga.)***

***Willis, et al. v. Government Employee Insurance Company, et al.***
***Case No. 23-CV-00430 (M.D. Ga.)***

***Rice, et al. v. Government Employee Insurance Company,***
***Case No. 23-CV-00414 (M.D. Ga.)***

# GENERAL RELEASE

As a condition of receiving a General Release Payment under the Settlement Agreement, you hereby agree to this General Release on behalf of yourself and your heirs, representatives, successors, and assigns (collectively, "***You***").

The purpose of this General Release is for You to release and waive all legal claims You may have against Government Employee Insurance Company and GEICO General Insurance Company (collectively, "***GEICO***") including its current and former parents, related or affiliated companies, subsidiaries, predecessors, successors, and/or divisions and each of their benefit plans, plan fiduciaries and/or administrators, shareholders, present and former officers, directors, employees, agents, attorneys, representatives, insurers, successors, and/or assigns (the "***Released Parties***").

I.    **Release.**  In exchange for the consideration of your General Release Payment, You fully and finally release and forever discharge all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or unasserted, against the Released Parties, whether in tort, contract, or for violation of any state, local, or federal statute, rule, or regulation through the Effective Date of the Settlement with the sole exception of any claims which cannot be released as a matter of law (the "***General Release***").  The General Release includes any unknown claims You do not know or suspect to exist in Your favor as of the Effective Date, which, if known by You, might have affected Your settlement with, and release of, the Released Parties or might have affected Your decision to agree to this Settlement or the General Release. For avoidance of doubt, by agreeing to this General Release, You agree to fully and finally release, without limitation, any and all claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and any other state, county, or local laws, statutes, regulations, ordinances, or wage orders for alleged unpaid overtime, regular, straight-time, or minimum wages; failure to provide compliant meal and/or rest breaks; failure to pay meal and/or rest period compensation; failure to maintain required business records; failure to provide accurate or complete itemized wage statements; failure to compensate for all time worked; failure to properly calculate compensable time worked or the regular rate of pay; waiting time penalties; failure to pay all wages due in a timely manner, including upon employment termination; and contributions to any 401(k) or other retirement or employee benefit plan based on payments made by reason of the Settlement Agreement or this General Release. Nothing in this provision releases any claims that cannot be released as a matter of law, but this paragraph will be given the broadest possible interpretation allowable by law.  The

Docusign Envelope ID: 1666B74B-EA12-45A7-89C5-FB05CDD86440

General Release also includes any known or unknown claims covered by any suit, class action, collective action, administrative claim, or other claim of any sort or nature whatsoever against the Released Parties, for the time periods specified in the Settlement Agreement.

II.    **Release Exclusions.**  This General Release excludes any claims arising out of incidents that occur after You sign this General Release or any claims this General Release cannot waive as a matter of law, such as any claims to workers' compensation or unemployment benefits, including any whistleblower protections, or any right you might have to file a charge with or participate in an investigation conducted by the U.S. Equal Employment Opportunity Commission (the "***EEOC***"), the National Labor Relations Board (the "***NLRB***"), or similar agency, but You agree to forfeit any monetary recovery or other relief should the EEOC, NLRB, or any other agency pursue claims on Your behalf.  Nothing in this General Release limits Your right to provide information, assist or participate in any investigation, proceeding, or litigation concerning any administrative claim with any government agency under any law that protects such rights or to file such a claim. However, You agree to give up any money or other personal benefit, directly from GEICO and/or the Released Parties, from any such claim or litigation arising out of any incident that occurred prior to the date You sign this General Release, except if prohibited by law.

III.    **Approval By The Court.**  In the event that the Court denies Your request for a General Release Payment, this General Release will be void and You shall only release claims pursuant to Section D(b)(iii) of the Settlement Agreement that are approved by the Court, and that the terms of Section D(k) of the Settlement Agreement shall apply with respect to all claims not covered by Section D(b)(iii) of the Settlement Agreement.

IV.    **Covenant Not to Sue.**  As further inducement to GEICO and/or the Released Parties to enter into this Agreement, and as a material condition thereof, You promise, warrant, and covenant on behalf of Yourself and your heirs, representatives, successors, assigns, and attorneys, not to sue any of the Released Parties in any forum for any claims covered by this General Release to the fullest extent allowed by law.

V.    **Tax Treatment.**  GEICO will issue an Internal Revenue Service Form 1099 to You for the General Release Payment.  You agree to indemnify GEICO and/or the Released Parties for any unpaid taxes, penalties, interest, attorney fees or costs concerning the tax treatment of any pay/benefits to you under the Settlement Agreement and this General Release that are determined by the relevant authorities to be your responsibility.

VI.    **No Admission.**  Nothing concerning this General Release is an admission of any liability or the merits of any claim.

VII.    **Non-Disparagement.**  You will not directly or indirectly make or publish any statements that are defamatory or maliciously false about GEICO and/or the Released Parties. Nothing in this section interferes with Your claims or rights in this General Release's Release Exclusions section.

VIII. **Drafting.** This General Release will be interpreted as a whole, without regard to its drafter, using its fair meaning.

IX. **Applicable Law.** Where not superseded by federal law, this General Release will be interpreted under the laws of Maryland.

X. **Enforceability.** A court that finds any part of this General Release to be unenforceable should modify that part the minimal amount to be enforceable. A court that finds any such part incapable of being so modified should sever it and enforce the rest of the General Release. A party's decision not to enforce the General Release is not a waiver of any future violation.

XI. **Entire Agreement.** In addition to the Settlement Agreement entered into by the Parties, this General Release is the complete understanding between You and GEICO and/or the Released Parties; it replaces any other written or oral agreements, representations or promises, except as it specifically provides otherwise; and it can be changed only by a jointly signed document which specifically references it.

XII. **Confidentiality.** You agree to keep all terms of the Settlement Agreement confidential prior to the public court docket filing of a motion for the Court's approval of this Settlement entered in connection with the *Benvenutti*, *Willis*, and *Rice* litigation.

XIII. **Other Representations.** You agree:

☑ You were advised in writing, by this General Release, to consult with an attorney before signing below; and

☑ You are signing this General Release knowingly and voluntarily.

| | |
|---|---|
| *Tiffaney Peacock*    12/22/2025 | Signed by: *Christopher B. Trumpower*    December 19, 2025 |
| Signature          Date | AE3C7C1026D042D...
Signature          Date |
| Name: Tiffaney Peacock | Name: Christopher B Trumpower |
| | Title: Director and Assistant GC, Corporate Litigation |

3

***Benvenutti, et al. v. GEICO General Ins. Co., et al.***
***Case No. 22-CV-00182 (M.D. Ga.)***

***Willis, et al. v. Government Employee Insurance Company, et al.***
***Case No. 23-CV-00430 (M.D. Ga.)***

***Rice, et al. v. Government Employee Insurance Company,***
***Case No. 23-CV-00414 (M.D. Ga.)***

# GENERAL RELEASE

As a condition of receiving a General Release Payment under the Settlement Agreement, you hereby agree to this General Release on behalf of yourself and your heirs, representatives, successors, and assigns (collectively, "***You***").

The purpose of this General Release is for You to release and waive all legal claims You may have against Government Employee Insurance Company and GEICO General Insurance Company (collectively, "***GEICO***") including its current and former parents, related or affiliated companies, subsidiaries, predecessors, successors, and/or divisions and each of their benefit plans, plan fiduciaries and/or administrators, shareholders, present and former officers, directors, employees, agents, attorneys, representatives, insurers, successors, and/or assigns (the "***Released Parties***").

I.    **Release.**  In exchange for the consideration of your General Release Payment, You fully and finally release and forever discharge all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or unasserted, against the Released Parties, whether in tort, contract, or for violation of any state, local, or federal statute, rule, or regulation through the Effective Date of the Settlement with the sole exception of any claims which cannot be released as a matter of law (the "***General Release***").  The General Release includes any unknown claims You do not know or suspect to exist in Your favor as of the Effective Date, which, if known by You, might have affected Your settlement with, and release of, the Released Parties or might have affected Your decision to agree to this Settlement or the General Release. For avoidance of doubt, by agreeing to this General Release, You agree to fully and finally release, without limitation, any and all claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and any other state, county, or local laws, statutes, regulations, ordinances, or wage orders for alleged unpaid overtime, regular, straight-time, or minimum wages; failure to provide compliant meal and/or rest breaks; failure to pay meal and/or rest period compensation; failure to maintain required business records; failure to provide accurate or complete itemized wage statements; failure to compensate for all time worked; failure to properly calculate compensable time worked or the regular rate of pay; waiting time penalties; failure to pay all wages due in a timely manner, including upon employment termination; and contributions to any 401(k) or other retirement or employee benefit plan based on payments made by reason of the Settlement Agreement or this General Release. Nothing in this provision releases any claims that cannot be released as a matter of law, but this paragraph will be given the broadest possible interpretation allowable by law.  The

General Release also includes any known or unknown claims covered by any suit, class action, collective action, administrative claim, or other claim of any sort or nature whatsoever against the Released Parties, for the time periods specified in the Settlement Agreement.

II.    **Release Exclusions.**  This General Release excludes any claims arising out of incidents that occur after You sign this General Release or any claims this General Release cannot waive as a matter of law, such as any claims to workers' compensation or unemployment benefits, including any whistleblower protections, or any right you might have to file a charge with or participate in an investigation conducted by the U.S. Equal Employment Opportunity Commission (the "***EEOC***"), the National Labor Relations Board (the "***NLRB***"), or similar agency, but You agree to forfeit any monetary recovery or other relief should the EEOC, NLRB, or any other agency pursue claims on Your behalf.  Nothing in this General Release limits Your right to provide information, assist or participate in any investigation, proceeding, or litigation concerning any administrative claim with any government agency under any law that protects such rights or to file such a claim. However, You agree to give up any money or other personal benefit, directly from GEICO and/or the Released Parties, from any such claim or litigation arising out of any incident that occurred prior to the date You sign this General Release, except if prohibited by law.

III.   **Approval By The Court.**  In the event that the Court denies Your request for a General Release Payment, this General Release will be void and You shall only release claims pursuant to Section D(b)(iii) of the Settlement Agreement that are approved by the Court, and that the terms of Section D(k) of the Settlement Agreement shall apply with respect to all claims not covered by Section D(b)(iii) of the Settlement Agreement.

IV.    **Covenant Not to Sue.**  As further inducement to GEICO and/or the Released Parties to enter into this Agreement, and as a material condition thereof, You promise, warrant, and covenant on behalf of Yourself and your heirs, representatives, successors, assigns, and attorneys, not to sue any of the Released Parties in any forum for any claims covered by this General Release to the fullest extent allowed by law.

V.     **Tax Treatment.**  GEICO will issue an Internal Revenue Service Form 1099 to You for the General Release Payment.  You agree to indemnify GEICO and/or the Released Parties for any unpaid taxes, penalties, interest, attorney fees or costs concerning the tax treatment of any pay/benefits to you under the Settlement Agreement and this General Release that are determined by the relevant authorities to be your responsibility.

VI.    **No Admission.**  Nothing concerning this General Release is an admission of any liability or the merits of any claim.

VII.   **Non-Disparagement.**  You will not directly or indirectly make or publish any statements that are defamatory or maliciously false about GEICO and/or the Released Parties. Nothing in this section interferes with Your claims or rights in this General Release's Release Exclusions section.

**VIII.**  **Drafting.**  This General Release will be interpreted as a whole, without regard to its drafter, using its fair meaning.

**IX.**  **Applicable Law.**  Where not superseded by federal law, this General Release will be interpreted under the laws of Maryland.

**X.**  **Enforceability.**  A court that finds any part of this General Release to be unenforceable should modify that part the minimal amount to be enforceable.  A court that finds any such part incapable of being so modified should sever it and enforce the rest of the General Release.  A party's decision not to enforce the General Release is not a waiver of any future violation.

**XI.**  **Entire Agreement.**  In addition to the Settlement Agreement entered into by the Parties, this General Release is the complete understanding between You and GEICO and/or the Released Parties; it replaces any other written or oral agreements, representations or promises, except as it specifically provides otherwise; and it can be changed only by a jointly signed document which specifically references it.

**XII.**  **Confidentiality.**  You agree to keep all terms of the Settlement Agreement confidential prior to the public court docket filing of a motion for the Court's approval of this Settlement entered in connection with the *Benvenutti*, *Willis*, and *Rice* litigation.

**XIII.**  **Other Representations.**  You agree:

☑  You were advised in writing, by this General Release, to consult with an attorney before signing below; and

☑  You are signing this General Release knowingly and voluntarily.

---

Signature: _Caral Taylor (signature)_      Date: 12/19/2025

Signature                Date

Name: _Caral Taylor_

---

Signed by:

_Christopher B. Trumpower (signature)_      December 19, 2025

AE3C7C1026D042D...

Signature                Date

Name: _Christopher B Trumpower_

Title: _Director and Assistant GC, Corporate Litigation_

***Benvenutti, et al. v. GEICO General Ins. Co., et al.***
***Case No. 22-CV-00182 (M.D. Ga.)***

***Willis, et al. v. Government Employee Insurance Company, et al.***
***Case No. 23-CV-00430 (M.D. Ga.)***

***Rice, et al. v. Government Employee Insurance Company,***
***Case No. 23-CV-00414 (M.D. Ga.)***

# GENERAL RELEASE

As a condition of receiving a General Release Payment under the Settlement Agreement, you hereby agree to this General Release on behalf of yourself and your heirs, representatives, successors, and assigns (collectively, "***You***").

The purpose of this General Release is for You to release and waive all legal claims You may have against Government Employee Insurance Company and GEICO General Insurance Company (collectively, "***GEICO***") including its current and former parents, related or affiliated companies, subsidiaries, predecessors, successors, and/or divisions and each of their benefit plans, plan fiduciaries and/or administrators, shareholders, present and former officers, directors, employees, agents, attorneys, representatives, insurers, successors, and/or assigns (the "***Released Parties***").

I.      **Release.**  In exchange for the consideration of your General Release Payment, You fully and finally release and forever discharge all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or unasserted, against the Released Parties, whether in tort, contract, or for violation of any state, local, or federal statute, rule, or regulation through the Effective Date of the Settlement with the sole exception of any claims which cannot be released as a matter of law (the "***General Release***").  The General Release includes any unknown claims You do not know or suspect to exist in Your favor as of the Effective Date, which, if known by You, might have affected Your settlement with, and release of, the Released Parties or might have affected Your decision to agree to this Settlement or the General Release. For avoidance of doubt, by agreeing to this General Release, You agree to fully and finally release, without limitation, any and all claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and any other state, county, or local laws, statutes, regulations, ordinances, or wage orders for alleged unpaid overtime, regular, straight-time, or minimum wages; failure to provide compliant meal and/or rest breaks; failure to pay meal and/or rest period compensation; failure to maintain required business records; failure to provide accurate or complete itemized wage statements; failure to compensate for all time worked; failure to properly calculate compensable time worked or the regular rate of pay; waiting time penalties; failure to pay all wages due in a timely manner, including upon employment termination; and contributions to any 401(k) or other retirement or employee benefit plan based on payments made by reason of the Settlement Agreement or this General Release. Nothing in this provision releases any claims that cannot be released as a matter of law, but this paragraph will be given the broadest possible interpretation allowable by law.  The

General Release also includes any known or unknown claims covered by any suit, class action, collective action, administrative claim, or other claim of any sort or nature whatsoever against the Released Parties, for the time periods specified in the Settlement Agreement.

**II.**    **Release Exclusions.**  This General Release excludes any claims arising out of incidents that occur after You sign this General Release or any claims this General Release cannot waive as a matter of law, such as any claims to workers' compensation or unemployment benefits, including any whistleblower protections, or any right you might have to file a charge with or participate in an investigation conducted by the U.S. Equal Employment Opportunity Commission (the "***EEOC***"), the National Labor Relations Board (the "***NLRB***"), or similar agency, but You agree to forfeit any monetary recovery or other relief should the EEOC, NLRB, or any other agency pursue claims on Your behalf.  Nothing in this General Release limits Your right to provide information, assist or participate in any investigation, proceeding, or litigation concerning any administrative claim with any government agency under any law that protects such rights or to file such a claim. However, You agree to give up any money or other personal benefit, directly from GEICO and/or the Released Parties, from any such claim or litigation arising out of any incident that occurred prior to the date You sign this General Release, except if prohibited by law.

**III.**    **Approval By The Court.**  In the event that the Court denies Your request for a General Release Payment, this General Release will be void and You shall only release claims pursuant to Section D(b)(iii) of the Settlement Agreement that are approved by the Court, and that the terms of Section D(k) of the Settlement Agreement shall apply with respect to all claims not covered by Section D(b)(iii) of the Settlement Agreement.

**IV.**    **Covenant Not to Sue.**  As further inducement to GEICO and/or the Released Parties to enter into this Agreement, and as a material condition thereof, You promise, warrant, and covenant on behalf of Yourself and your heirs, representatives, successors, assigns, and attorneys, not to sue any of the Released Parties in any forum for any claims covered by this General Release to the fullest extent allowed by law.

**V.**    **Tax Treatment.**  GEICO will issue an Internal Revenue Service Form 1099 to You for the General Release Payment.  You agree to indemnify GEICO and/or the Released Parties for any unpaid taxes, penalties, interest, attorney fees or costs concerning the tax treatment of any pay/benefits to you under the Settlement Agreement and this General Release that are determined by the relevant authorities to be your responsibility.

**VI.**    **No Admission.**  Nothing concerning this General Release is an admission of any liability or the merits of any claim.

**VII.**    **Non-Disparagement.**  You will not directly or indirectly make or publish any statements that are defamatory or maliciously false about GEICO and/or the Released Parties. Nothing in this section interferes with Your claims or rights in this General Release's Release Exclusions section.

**VIII.    Drafting.**  This General Release will be interpreted as a whole, without regard to its drafter, using its fair meaning.

**IX.    Applicable Law.**  Where not superseded by federal law, this General Release will be interpreted under the laws of Maryland.

**X.    Enforceability.**  A court that finds any part of this General Release to be unenforceable should modify that part the minimal amount to be enforceable.  A court that finds any such part incapable of being so modified should sever it and enforce the rest of the General Release.  A party's decision not to enforce the General Release is not a waiver of any future violation.

**XI.    Entire Agreement.**  In addition to the Settlement Agreement entered into by the Parties, this General Release is the complete understanding between You and GEICO and/or the Released Parties; it replaces any other written or oral agreements, representations or promises, except as it specifically provides otherwise; and it can be changed only by a jointly signed document which specifically references it.

**XII.    Confidentiality.**  You agree to keep all terms of the Settlement Agreement confidential prior to the public court docket filing of a motion for the Court's approval of this Settlement entered in connection with the *Benvenutti*, *Willis*, and *Rice* litigation.

**XIII.    Other Representations.**  You agree:

☑    You were advised in writing, by this General Release, to consult with an attorney before signing below; and

☑    You are signing this General Release knowingly and voluntarily.

| | |
|---|---|
| Signature          Date | Signature          Date |
| 12/22/2025 | December 19, 2025 |
| Name: Cherale Willis | Name: Christopher B Trumpower |
| | Title: Director and Assistant GC, Corporate Litigation |

3

# EXHIBIT 4

***Benvenutti, et al. v. GEICO General Ins. Co., et al.***
***Case No. 22-CV-00182 (M.D. Ga.)***

***Willis, et al. v. Government Employee Insurance Company, et al.***
***Case No. 23-CV-00430 (M.D. Ga.)***

***Rice, et al. v. Government Employee Insurance Company,***
***Case No. 23-CV-00414 (M.D. Ga.)***

# RETALIATION RELEASE

As a condition of receiving a Retaliation Claim Settlement Payment under the Settlement Agreement, you hereby agree to this Retaliation Release on behalf of yourself and your heirs, representatives, successors, and assigns (collectively "***You***").

The purpose of this Retaliation Release is for You to release and waive all legal claims You may have against Government Employee Insurance Company and GEICO General Insurance Company (collectively, "***GEICO***") including its current and former parents, related or affiliated companies, subsidiaries, predecessors, successors, and/or divisions and each of their benefit plans, plan fiduciaries and/or administrators, shareholders, present and former officers, directors, employees, agents, attorneys, representatives, insurers, successors, and assigns (the "***Released Parties***").

I.      **Release.**  In exchange for the consideration of your Retaliation Claim Settlement Payment, You fully and finally release and forever discharge all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or unasserted, against the Released Parties, whether in tort, contract, or for violation of any state, local, or federal statute, rule, or regulation through the Effective Date of the Settlement with the sole exception of any claims which cannot be released as a matter of law (the "***Retaliation Release***").  This Retaliation Release expressly includes, but is not limited to, the claims for retaliation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, (the "***FLSA***") that You asserted in one of the above-captioned actions. The Retaliation Release includes any unknown claims You do not know or suspect to exist in Your favor as of the Effective Date, which, if known by You, might have affected Your settlement with, and release of, the Released Parties or might have affected Your decision to agree to this Settlement or the Retaliation Release. For avoidance of doubt, by agreeing to this Retaliation Release, You agree to fully and finally release, without limitation, any and all claims under the FLSA and any other state, county, or local laws, statutes, regulations, ordinances, or wage orders for alleged unpaid overtime, regular, straight-time, or minimum wages; failure to provide compliant meal and/or rest breaks; failure to pay meal and/or rest period compensation; failure to maintain required business records; failure to provide accurate or complete itemized wage statements; failure to compensate for all time worked; failure to properly calculate compensable time worked or the regular rate of pay; waiting time penalties; failure to pay all wages due in a timely manner, including upon employment termination; and contributions to any 401(k) or other retirement or employee benefit plan based on payments made by reason of the Settlement Agreement or this

Retaliation Release. Nothing in this provision releases any claims that cannot be released as a matter of law, but this paragraph will be given the broadest possible interpretation allowable by law. The Retaliation Release also includes any known or unknown claims covered by any suit, class action, collective action, administrative claim, or other claim of any sort or nature whatsoever against the Released Parties, for the time periods in the Settlement Agreement.

II.     **Release Exclusions.** This Retaliation Release excludes any claims arising out of incidents that occur after You sign this Retaliation Release or any claims this Retaliation Release cannot waive as a matter of law, such as any claims to workers' compensation or unemployment benefits, including any whistleblower protections, or any right you might have to file a charge with or participate in an investigation conducted by the U.S. Equal Employment Opportunity Commission (the "*EEOC*"), the National Labor Relations Board (the "*NLRB*"), or similar agency, but You agree to forfeit any monetary recovery or other relief should the EEOC, NLRB, or any other agency pursue claims on Your behalf. Nothing in this Retaliation Release limits Your right to provide information, assist or participate in any investigation, proceeding, or litigation concerning any administrative claim with any government agency under any law that protects such rights or to file such a claim. However, You agree to give up any money or other personal benefit, directly from GEICO and/or the Released Parties, from any such claim or litigation arising out of any incident that occurred prior to the date You sign this Retaliation Release, except if prohibited by law.

III.    **Approval By The Court.** In the event that the Court denies Your request for a Retaliation Claim Settlement Payment, this Retaliation Release will be void and You shall only release claims pursuant to Section D(b)(iii) of the Settlement Agreement that are approved by the Court, and that the terms of Section D(k) of the Settlement Agreement shall apply with respect to all claims not covered by Section D(b)(iii) of the Settlement Agreement.

IV.     **Covenant Not to Sue.** As further inducement to GEICO and/or the Released Parties to enter into this Agreement, and as a material condition thereof, You promise, warrant, and covenant on behalf of Yourself and your heirs, representatives, successors, assigns, and attorneys, not to sue any of the Released Parties in any forum for any claims covered by this Retaliation Release to the fullest extent allowed by law.

V.      **Tax Treatment.** GEICO will issue an Internal Revenue Service Form 1099 to You for the Retaliation Release Settlement Payment. You agree to indemnify GEICO and/or the Released Parties for any unpaid taxes, penalties, interest, attorney fees or costs concerning the tax treatment of any pay/benefits to you under the Settlement Agreement and this Retaliation Release that are determined by the relevant authorities to be your responsibility.

VI.     **No Admission.** Nothing concerning this Retaliation Release is an admission of any liability or the merits of any claim.

VII.    **Non-Disparagement.** You will not directly or indirectly make or publish any statements that are defamatory or maliciously false about GEICO and/or the Released Parties.

Nothing in this section interferes with Your claims or rights in this Retaliation Release's Release Exclusions section.

**VIII.    Drafting.**    This Retaliation Release will be interpreted as a whole, without regard to its drafter, using its fair meaning.

**IX.    Applicable Law.**    Where not superseded by federal law, this Retaliation Release will be interpreted under the laws of Maryland.

**X.    Enforceability.**    A court that finds any part of this Retaliation Release to be unenforceable should modify that part the minimal amount to be enforceable. A court that finds any such part incapable of being so modified should sever it and enforce the rest of the Retaliation Release. A party's decision not to enforce the Retaliation Release is not a waiver of any future violation.

**XI.    Entire Agreement.**    In addition to the Settlement Agreement entered into by the Parties, this Retaliation Release is the complete understanding between You and GEICO and/or the Released Parties; it replaces any other written or oral agreements, representations or promises, except as it specifically provides otherwise; and it can be changed only by a jointly signed document which specifically references it.

**XII.    Confidentiality**.    You agree to keep all terms of the Settlement Agreement confidential prior to the public court docket filing of a motion for the Court's approval of this Settlement entered in connection with the *Benvenutti*, *Willis*, and *Rice* litigation.

**XIII.    Other Representations.**    You agree:

☑    You were advised in writing, by this Retaliation Release, to consult with an attorney before signing below; and

☑    You are signing this Retaliation Release knowingly and voluntarily.

_Amalia Benvenutti_          12/21/2025

Signature                        Date

Name:    Amalia Benvenutti

Signed by:

_Christopher B. Trumpower_

December 19, 2025

AE3C7C1026D042D...

Signature                        Date

Name:    Christopher B Trumpower

Title:    Director and Assistant GC, Corporate Litigation

*Benvenutti, et al. v. GEICO General Ins. Co., et al.*
*Case No. 22-CV-00182 (M.D. Ga.)*

*Willis, et al. v. Government Employee Insurance Company, et al.*
*Case No. 23-CV-00430 (M.D. Ga.)*

*Rice, et al. v. Government Employee Insurance Company,*
*Case No. 23-CV-00414 (M.D. Ga.)*

# RETALIATION RELEASE

As a condition of receiving a Retaliation Claim Settlement Payment under the Settlement Agreement, you hereby agree to this Retaliation Release on behalf of yourself and your heirs, representatives, successors, and assigns (collectively "**You**").

The purpose of this Retaliation Release is for You to release and waive all legal claims You may have against Government Employee Insurance Company and GEICO General Insurance Company (collectively, "**GEICO**") including its current and former parents, related or affiliated companies, subsidiaries, predecessors, successors, and/or divisions and each of their benefit plans, plan fiduciaries and/or administrators, shareholders, present and former officers, directors, employees, agents, attorneys, representatives, insurers, successors, and assigns (the "**Released Parties**").

I.     **Release.**  In exchange for the consideration of your Retaliation Claim Settlement Payment, You fully and finally release and forever discharge all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or unasserted, against the Released Parties, whether in tort, contract, or for violation of any state, local, or federal statute, rule, or regulation through the Effective Date of the Settlement with the sole exception of any claims which cannot be released as a matter of law (the "**Retaliation Release**").  This Retaliation Release expressly includes, but is not limited to, the claims for retaliation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, (the "**FLSA**") that You asserted in one of the above-captioned actions. The Retaliation Release includes any unknown claims You do not know or suspect to exist in Your favor as of the Effective Date, which, if known by You, might have affected Your settlement with, and release of, the Released Parties or might have affected Your decision to agree to this Settlement or the Retaliation Release. For avoidance of doubt, by agreeing to this Retaliation Release, You agree to fully and finally release, without limitation, any and all claims under the FLSA and any other state, county, or local laws, statutes, regulations, ordinances, or wage orders for alleged unpaid overtime, regular, straight-time, or minimum wages; failure to provide compliant meal and/or rest breaks; failure to pay meal and/or rest period compensation; failure to maintain required business records; failure to provide accurate or complete itemized wage statements; failure to compensate for all time worked; failure to properly calculate compensable time worked or the regular rate of pay; waiting time penalties; failure to pay all wages due in a timely manner, including upon employment termination; and contributions to any 401(k) or other retirement or employee benefit plan based on payments made by reason of the Settlement Agreement or this

Retaliation Release.  Nothing in this provision releases any claims that cannot be released as a matter of law, but this paragraph will be given the broadest possible interpretation allowable by law.  The Retaliation Release also includes any known or unknown claims covered by any suit, class action, collective action, administrative claim, or other claim of any sort or nature whatsoever against the Released Parties, for the time periods in the Settlement Agreement.

II.    **Release Exclusions.**  This Retaliation Release excludes any claims arising out of incidents that occur after You sign this Retaliation Release or any claims this Retaliation Release cannot waive as a matter of law, such as any claims to workers' compensation or unemployment benefits, including any whistleblower protections, or any right you might have to file a charge with or participate in an investigation conducted by the U.S. Equal Employment Opportunity Commission (the "***EEOC***"), the National Labor Relations Board (the "***NLRB***"), or similar agency, but You agree to forfeit any monetary recovery or other relief should the EEOC, NLRB, or any other agency pursue claims on Your behalf. Nothing in this Retaliation Release limits Your right to provide information, assist or participate in any investigation, proceeding, or litigation concerning any administrative claim with any government agency under any law that protects such rights or to file such a claim.  However, You agree to give up any money or other personal benefit, directly from GEICO and/or the Released Parties, from any such claim or litigation arising out of any incident that occurred prior to the date You sign this Retaliation Release, except if prohibited by law.

III.   **Approval By The Court.**  In the event that the Court denies Your request for a Retaliation Claim Settlement Payment, this Retaliation Release will be void and You shall only release claims pursuant to Section D(b)(iii) of the Settlement Agreement that are approved by the Court, and that the terms of Section D(k) of the Settlement Agreement shall apply with respect to all claims not covered by Section D(b)(iii) of the Settlement Agreement.

IV.    **Covenant Not to Sue.**  As further inducement to GEICO and/or the Released Parties to enter into this Agreement, and as a material condition thereof, You promise, warrant, and covenant on behalf of Yourself and your heirs, representatives, successors, assigns, and attorneys, not to sue any of the Released Parties in any forum for any claims covered by this Retaliation Release to the fullest extent allowed by law.

V.     **Tax Treatment.**  GEICO will issue an Internal Revenue Service Form 1099 to You for the Retaliation Release Settlement Payment.  You agree to indemnify GEICO and/or the Released Parties for any unpaid taxes, penalties, interest, attorney fees or costs concerning the tax treatment of any pay/benefits to you under the Settlement Agreement and this Retaliation Release that are determined by the relevant authorities to be your responsibility.

VI.    **No Admission.**  Nothing concerning this Retaliation Release is an admission of any liability or the merits of any claim.

VII.   **Non-Disparagement.** You will not directly or indirectly make or publish any statements that are defamatory or maliciously false about GEICO and/or the Released Parties.

Nothing in this section interferes with Your claims or rights in this Retaliation Release's Release Exclusions section.

**VIII.**   **Drafting.**   This Retaliation Release will be interpreted as a whole, without regard to its drafter, using its fair meaning.

**IX.**   **Applicable Law.**   Where not superseded by federal law, this Retaliation Release will be interpreted under the laws of Maryland.

**X.**   **Enforceability.**   A court that finds any part of this Retaliation Release to be unenforceable should modify that part the minimal amount to be enforceable.   A court that finds any such part incapable of being so modified should sever it and enforce the rest of the Retaliation Release.   A party's decision not to enforce the Retaliation Release is not a waiver of any future violation.

**XI.**   **Entire Agreement.**   In addition to the Settlement Agreement entered into by the Parties, this Retaliation Release is the complete understanding between You and GEICO and/or the Released Parties; it replaces any other written or oral agreements, representations or promises, except as it specifically provides otherwise; and it can be changed only by a jointly signed document which specifically references it.

**XII.**   **Confidentiality**.   You agree to keep all terms of the Settlement Agreement confidential prior to the public court docket filing of a motion for the Court's approval of this Settlement entered in connection with the *Benvenutti*, *Willis*, and *Rice* litigation.

**XIII.**   **Other Representations.**   You agree:

☑   You were advised in writing, by this Retaliation Release, to consult with an attorney before signing below; and

☑   You are signing this Retaliation Release knowingly and voluntarily.

| | |
|---|---|
| _____     12/19/2025 | Signed by: *Christopher B. Trumpower*   December 19, 2025 |
| Signature                  Date | AE3C7C1026D042D... |
| | Signature                  Date |
| Name: Christopher Rice | Name: Christopher B Trumpower |
| | Title: Director and Assistant GC, Corporate Litigation |